ISAAC J. MILLER *v.* STEWART TAYLOR ET AL.

A judgment *in personam*, under which no specific lien on real estate was acquired during the lifetime of the judgment debtor, can not be revived and enforced against the heirs.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Hamilton county.

The plaintiff in error is the assignee of a judgment recovered in the year 1849 against Isaac N. Taylor. No execution having issued on the judgment, it became dormant under the statute during the lifetime of Taylor. In August, 1855, Taylor died seized of the parcel of real estate described in the petition. In 1869, Edward P. Bradstreet was appointed his administrator. The original action was brought by the plaintiff in error against the administrator, and Stewart Taylor and others, the heirs at law of Isaac N. Taylor, to revive the judgment. In the court of common pleas the judgment was revived both against the administrator and the heirs. A judgment *in personam* was rendered against the heirs, and the execution against them was directed to be levied of the lands which descended to them from the judgment debtor.

On petition in error filed by the heirs in the district court, the judgment against them was reversed.

It is now sought to obtain the reversal of the judgment of the district court.

*Mallon & Coffey*, for the motion, claimed that the proceeding was right under sections 416 and 417 of the code as a mere revivor. The action is not to make the heirs liable, but to give them notice of the judgment, which may affect not them, but the land. The heirs took the land as their father held it, subject, under the law, to the revivor of the judgment. *Douglas* v. *Waddle*, 8 Ohio, 209; 7 Ohio (pt. 1), 11.

*Wm. Disney*, contra, argued that a judgment creditor, whose judgment is dormant at the death of the defendant, is simply a general creditor, and he can not in any way acquire a preference over other creditors of the estate. A dormant judgment creditor must present his claim to the administrator for allowance or rejection. He has no other

resource. S. & C. 588, sec. 117a; S. & C. 622, secs. 287, 288; *Sheldon* v. *Newton*, 3 Ohio St. 495; 1 Ohio St. 293; *Bustard* v. *Dabney*, 4 Ohio, 68; *Mc Vickar* v. *Ludlow's Heirs*, 2 Ohio, 246; *Hutchinson* v. *Hutchinson*, 15 Ohio, 301; *Douglas* v. *Waddle*, 8 Ohio, 209, 213.

The administration act provides in what cases heirs at law are liable for the debts of the estate. The heir is only liable for debts that mature after the administrator has settled the estate, and then only to the extent of assets descended to him. S. & C. 610, secs. 227, 228; S. & S. 354, sec. 233; S. & C. 586, sec. 103.

WHITE, J. At common law the lands of a debtor were not chargeable with his debts, and when they became so chargeable by statute, provision was made, in case of the death of the judgment debtor, for proceeding directly against the heir to subject such lands to the payment of the judgment. 2 Tidd's Pract. *1118, *1120; 2 Wms. Sand. 6, 51; Harbert's Case, 3 Rep. 44.

In the history of our own remedial system, statutory provisions somewhat analogous have from time to time been adopted, and, in order to understand the effect of the decisions found in our reports on the subject, care must be taken to observe the statutes under which the several cases arose.

The case of *Mc Vickar* v. *Ludlow's Heirs*, 2 Ohio, 246, and the case of *The Union Bank of Georgetown* v. *Adm'x and Heirs of Meigs*, 5 Ohio, 312, arose under a statute which authorized, under certain conditions, the issuing of a *scire facias* against the heirs of the judgment debtor, provided they held lands by descent.

The same is also true of the case of *Douglass* v. *Waddle*, 8 Ohio, 209, which is especially relied on by the plaintiff in error. Although the case arose under a different statute, yet it, as well as the subsequent case of *Hutchinson's Ex'r* v. *Hutchinson et al.*, 15 Ohio, 301, was decided on the state of legislation existing at the time.

Since the decision of those cases the legislation on the

subject has been changed. The rights of the parties in the present case are governed by the code of civil procedure and the act for the settlement of estates now in force. Part nine of the act last named (S. & C. 610) prescribes the cases in which the heirs and distributees may be made liable for the debts of the deceased, and the extent of such liability. These cases do not include the liability sought to be enforced against the defendants in the present instance.

The plaintiff relies to support the judgment of the court of common pleas on section 116 of the code, and section 117 as amended April 16, 1867. S. & S. 562.

Section 117 provides for the revivor of judgments which have become dormant under the statute ; and it is clear that under this section the revived judgment can have no greater operation than it would have had if it had not become dormant.

Section 116 provides for making the representatives, real or personal, as the case may require, parties to the judgment, where either or both of the original parties die after judgment and before satisfaction.

The plaintiff is not a creditor having a lien on specific real estate. Hence an inquiry as to the rights of such creditor is foreign to the case.

The judgment of the plaintiff against the intestate is *in personam.* There was no levy during the lifetime of the judgment debtor, nor was the judgment a lien at the time of his decease. If there had been such lien, section 150 of the administration law makes provision for its payment.

The only remedy of the plaintiff to obtain satisfaction of the judgment is through the administrator in the regular course of administration.

The judgment of the court of common pleas was properly reversed.

*Leave refused.*