DeWitt C. Jones v. Chas. T. H. Kampman et al.

**1. Appeal from Order Overruling Motion for Revivor of Judgment Maintainable only in Appeal Cases.**

Inasmuch as a motion for a revivor of judgment is an additional proceeding in the original case, there can be no appeal from the overruling of the motion, where the privilege of an appeal could not have been allowed in the original case.

**2. Judgment not Revivable against Heirs of Judgment Debtor.**

Nor can such a motion be allowed on the theory that while nominally to revive a judgment its real purpose is to revive a lien, when it is apparent that the proceeding to revive is not only not appealable, but not maintainable, for the reason that it is an effort to revive the judgment against the heirs of the judgment debtor.

Motion to dismiss appeal.

*DeWitt C. Jones,* for plaintiff.

*Duncan & Duncan,* for defendants:

Cited and commented upon by the following authorities: *Taylor* v. *Fitch,* 12 Ohio St. 169; *State* v. *Belmont Co. (Comrs.)* 31 Ohio St. 456; *Bartol* v. *Eckert,* 50 Ohio St. 31 [33 N. E. Rep. 294]; *Barger* v. *Cochran,* 15 Ohio St. 460; *McRoberts* v. *Lockwood,* 49 Ohio St. 374 [34 N. E. Rep. 734]; *Bay* v. *Sylvania,* 32 O. C. C. 590 (14 N. S. 429); *Scheidler* v. *Railway,* 11 Circ. Dec. 203 (20 R. 453); *Rice* v. *Moore,* 48 Kan. 590 [30 Pac. Rep. 10]; *Bever* v. *Beardmore,* 40 Ohio St. 70; *Reeves* v. *Skenett,* 13 Ohio St. 574; *Dayton & U. Ry.* v. *Traction Co.* 26 O. C. C. 1 (11 N. S. 329); *LaFayette & I. R. Ry.* v. *Butner,* 162 Ind. 460 [70 N. E. Rep. 529]; *Lorimer* v. *Wayne Circuit Judge,* 116 Mich. 682 [75 N. W. Rep. 133]; *Phillips* v. *Corbin,* 25 Colo. 62 [49 Pac. Rep. 279]; *French* v. *Lighty,* 9 Ind. 475.

## DUSTIN, J.

We think the motion in each case to dismiss the appeal should be sustained, upon the ground that a revivor is a special proceeding and not a civil action, and, hence, not covered by Sec. 12224 G. C.

The original action in each case was for money only, and a jury could have been demanded. We are unable to see why a judgment of revivor, which is held in *Misner* v. *Misner,* 41 Ohio St. 678, and in *Bartol* v. *Eckert,* 50 Ohio St. 31, 45 [33 N. E. Rep. 294], to be an additional proceeding in the same case, is entitled to the privileges of an appeal not allowed in the original action.

It is contended that the proceeding, while nominally to revive a judgment, is in reality to revive a lien. The motion for an order of revivor does not allege any levy or lien. It simply alleges ownership of certain lands by the judgment debtors, which lands have descended to the defendants.

We are not aware of any law by which a lien may be "revived," or even declared, under such circumstances.

Nor are we aware of any law by which a judgment may be revived against the heirs of a judgment debtor. The heirs, of

Jones v. Kampman.

course, to the extent that they have inherited, are liable for the debts of the ancestor, but they are not liable on the judgment against the ancestor and can not be made judgment debtors. They may have inherited only $500 and the judgment may be for $5,000. There is no allegation here as to values, and a judgment for the full amount against the heirs would be a manifest injustice and wholly unauthorized by statute.

The averments of the plaintiff do not even show that the original judgment debtors were owners of their respective tracts of land at the time of the rendition of the judgment.

In *Smith* v. *Hogg*, 52 Ohio St. 527 [40 N. E. Rep. 406], it is held that:

"A dormant judgment  *  *  *  does not, by virtue of its revivor, become a lien on lands acquired by the debtor after its original recovery, unless a levy is made thereon before it became dormant or after its revivor."

And it is held in *Miller* v. *Taylor*, 29 Ohio St. 257, that:

"A judgment *in personam,* under which no specific lien on real estate was acquired during the lifetime of the judgment debtor, can not be revived and enforced against the heirs."

It does not appear here that there was a specific or even a general lien against the property of the judgment debtors.

We are, therefore, of the opinion that not only was the proceeding to revive not appealable, but was not maintainable originally.

A part of this opinion is *obiter,* but we thought it might be more satisfactory to give our views on the revival proceedings than simply to dismiss the appeals on the technical ground first indicated.

**Allread** and **Ferneding, JJ.,** concur.