*ton,* v. *Edmondson, Aud.,* 89 Ohio St., 351, 106 N. E., 41; *Miller* v. *Korns,* 107 Ohio St., 287, 140 N. E., 773; *City of Cleveland* v. *Ruple,* 130 Ohio St., 465, 200 N. E., 507, 103 A. L. R., 853) fall in the same category.

This precise question has never been decided by the reviewing courts of Ohio. The court has experienced no little difficulty in arriving at its conclusion. We commend counsel for the preparation and submission of helpful briefs.

In our judgment the amended petition does not contain allegations sufficient to constitute a cause of action. The motion of defendants for judgment on the pleadings is hereby sustained.

*Motion sustained.*

MILLER and HORNBECK, JJ., concur.

PASS, APPELLANT, *v.* WEBSTER, APPELLEE.

(No. 4153—Decided October 29, 1948.)

*Mr. Walton G. Alcorn* and *Mr. Albert E. Savoy,* for appellant.

*Mr. Joy H. Hunt* and *Mr. Max I. Ziskind,* for appellee.

HORNBECK, J. In the Common Pleas Court of Franklin county, on March 19, 1934, plaintiff recovered a judgment in the sum of $12,000 against the defendant for damages for personal injuries predicated upon negligence. The entry recited that the defendant was in default for answer or demurrer and "therefore the facts alleged in the petition are thereby confessed by him to be true." A jury being waived, the court assessed the damages. On the 1st of December 1947, the court in which the original judgment was rendered made a conditional order of revivor thereof and fixed a date on or before which the defendant should show cause why such judgment should not stand revived.

The defendant, to show cause why the judgment should not be revived, set out proceedings in bankruptcy in the United States District Court for the Southern District of Ohio, the Eastern Division, being case No. 11092, wherein in 1935 the defendant was adjudged a bankrupt, and averred that the judgment in the Common Pleas Court, which plaintiff sought to have revived, was listed as a debt under the proper schedule in the bankruptcy proceedings; that thereafter creditors were notified that the bankrupt's petition for discharge would come on for hearing, at which time the plaintiff, by counsel, filed objections to the bankrupt's discharge; that thereafter the issue was referred to a special master, testimony was taken and an opinion of special master was reported; and that eventually the federal court on the 21st of October 1936 sustained and affirmed the report of the special master and ordered that the defendant be discharged

in bankruptcy, to which order exceptions were duly noted. For further cause why the conditional order should not be revived, objection was made to the right of the court "to relitigate the matter of the pleadings or the judgment already granted in this cause."

The motion for revivor coming on to be heard upon the pleadings and the record, the court denied the motion and refused to revive the judgment. It is to this action of the court that this appeal on questions of law is prosecuted.

Unfortunately, we do not have the formal motion of the plaintiff for conditional order for revivor of the judgment, but, upon the briefs and oral arguments of counsel, we conclude it is the contention of plaintiff, appellant herein, that the court had the power upon the hearing on the motion to consider and determine whether the defendant committed the acts set up in the original petition wilfully and maliciously; that the testimony required an affirmative finding and determination of the question; and that the judgment be revived as upon that additional ground.

The final order on the hearing of the conditional order of revivor is general in its terms. There are no special conclusions of law or fact. We do not, therefore, have the specific reason or reasons which controlled the court in denying the order of revivor.

Counsel argue the appeal upon the two grounds set up by the defendant to support his claim that the judgment should not be revived.

The first question is the effect of the order of discharge following the adjudication of the federal court against the plaintiff on her specification of objection to the discharge. It is the claim of the plaintiff that the entry of the federal court adjudicating the objection of the plaintiff to the discharge of the bankruptcy is null and void because:

(1) "Actions to prevent a discharge in bankruptcy are brought only under Section 14 of the Bankruptcy Act and in the bankruptcy or federal court."

(2) "Actions to deny the right of bankrupt to present a certificate of discharge in bankruptcy as a bar to recovery of a judgment debt are brought only under Section 17a of the Bankruptcy Act and the state courts shall be the sole judge of the availability of the bar when judgments in state courts are involved."

The proceedings before the special master and the order of the court succeeding his report are before us. It there appears that the plaintiff invoked the action of the court to adjudicate her objection to the discharge of the bankrupt under Section 14 of the Bankruptcy Act, Title 11, Section 32, U. S. Code, upon the ground that the judgment which she held against the defendant and the claim arising therefrom were predicated upon a wilful and malicious injury. This is not a ground set forth in Section 14 of the Bankruptcy Act, proof of which will bar the discharge. The special master cut through any question of the legal effect of the formal judgment in the Common Pleas Court and the pleadings upon which it was based and considered and determined the validity of plaintiff's claim upon the record made by her upon the evidence adduced. The court held that she had not shown sufficient reason to preclude the order of discharge of the bankrupt.

It is not determinative of this appeal to say whether the federal court had the power to consider and determine the question which was done upon the initiative of the plaintiff. Whatever the effect of the adjudication by the federal court, we readily accede to the claim of the plaintiff that the Common Pleas Court had full power to determine whether under Section 17 of the Bankruptcy Act, Title 11, Section 35, U. S.

Code, the discharge of the bankrupt constituted a bar to the revivor of the judgment.

The right to a discharge and its effect are wholly distinct questions. *In re Marshall Paper Co.*, 102 F., 872; *In re Andrews* (D. C. Cal.), 47 F. (2d), 949; but see *In re Barber*, 140 F. (2d), 727.

The bankrupt may be discharged under Section 14 and still be held liable for any one of the classes of debts mentioned in Section 17. *Katzenstein v. Reid, Murdock & Co.*, 41 Tex. Civ., 106, 91 S. W., 360; *In re Millkofsky* (D. C. N. Y.), 17 F. Supp., 127.

The general rule is that a discharge in bankruptcy is effectual as to judgments (*Howland v. Carson*, 28 Ohio St., 625, 630), and manifestly the discharge in bankruptcy would have been a bar to the judgment here had it not been dormant at the time that the motion to revive was filed, because it did not include an adjudication that the injury upon which it was predicated was the result of a wilful and malicious act on the part of the defendant. *In re Wakefield*, 207 F., 180; *In re La Porte*, 54 F. Supp., 911. A judgment in which such a finding is explicit or implicit has been held to be a bar to the effect of the discharge. *Exline v. Sargent*, 3 C. C. (N. S.), 66, 13 C. D., 180; *Ex Parte Cote*, 93 Vt., 10, 106 A., 519.

In our judgment the adjudication of the federal court on the subject matter of plaintiff's claim that the bankrupt should not be discharged may as well have been, and probably was, completely disregarded by the common pleas judge in the proceedings incident to the revivor. In any event, the bankrupt was entitled to his discharge in bankruptcy in the federal court.

The determinative question here is whether the Common Pleas Court had any authority to revive the

judgment as claimed by the plaintiff. Upon the record, we are satisfied that the Common Pleas Court had no such power.

The proceedings for a revivor of judgment are statutory. Section 11645, General Code, prescribes the manner in which "such judgment may be revived," and Section 11647, General Code, provides, in part, that "if sufficient cause be not shown to the contrary, the judgment or finding shall stand revived."

It is evident that only that judgment which was originally entered may be revived, and that it may not be supplemented or augmented. To do so would be tantamount to the entering of a new judgment without the legal formalities prerequisite to such judgment.

"* * * the revived judgment can have no greater operation than it would have had if it had not become dormant." *Miller* v. *Taylor,* 29 Ohio St., 257, 260.

There is another reason why the judgment could not be revived as claimed by the plaintiff. The petition upon which plaintiff grounded her action for damages for personal injuries was based upon several specifications of negligence. There was no charge of a wilful or malicious act. The defendant having defaulted, the plaintiff was remanded in proof of her cause of action to the strict averments of her petition. The judgment was in conformity to and predicated upon the negligence alleged and could not, when entered, and certainly could not upon revivor, be based upon a specification not pleaded.

In *Rosebrough* v. *Ansley,* 35 Ohio St., 107, consent judgment was entered for the plaintiff in excess of the amount claimed in the petition. The court held that the judgment was erroneous because no such cause of action was stated in the pleadings. This court in *Kipp*

v. *Bowman,* 20 Ohio Law Abs., 698, ordered subject matter deleted from the judgment entry which adjudicated an issue not made upon the pleadings.

In *Howland* v. *Carson, supra,* the court said in the third paragraph of the syllabus:

"Where it is claimed that such discharge (bankruptcy) does not bar the collection of a judgment on the ground that it is a debt created by fraud, within the meaning of section 33 (U. S. Rev. Stat. Sec. 5117) of the bankrupt act, the court will look back of the judgment, to the root and origin of the cause of action on which it is founded, in order to determine whether the discharge is a bar to the collection of such judgment."

So doing, the court there looked at the pleadings and held that the judgment was not a bar to the discharge because it did not and could not have been based upon a ground for such bar, namely, "a debt created by fraud" within the meaning of the Bankruptcy Act. So here, the court could not originally have entered a judgment for the plaintiff on the ground that the damages grew out of an injury wilfully and maliciously committed. The court had no greater authority on the motion to revive.

The question here presented is novel, has been well briefed and capably presented, but we are satisfied that the court committed no error of prejudice to the plaintiff in denying her the right to have her judgment in the Common Pleas Court revived. The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.