UNITED MERCANTILE AGENCIES, INC. et, Appellant, v.
WILLIAMS, et al., Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4369. Decided February 6, 1950.

O. C. Ingalls, Gene A. Jones, Columbus, for appellant.
C. H. Benbow, Columbus, Henry A. Williams, Columbus,
for appellee.

## OPINION

By WISEMAN, J.

This is an appeal on questions of law from the judgment
of the Common Pleas Court of Franklin County, Ohio, dis-
missing plaintiff's motion for proceedings in aid of execution
and sustaining the motion of the defendant to dismiss the
proceedings in aid of execution.

The motion of defendant to dismiss was based on the fact
that the judgment was taken on a promissory note and was
barred by the defendant's discharge in bankruptcy. The plain-
tiff sought to prove aliunde that the note on which the judg-
ment was taken was given for money obtained by the defend-
ant from the plaintiff's assignor by false and fraudulent repre-
sentation. The trial court held that such evidence was in-
admissible. The only error assigned is directed to this rul-
ing.

The question presented is whether or not, in a proceedings
to enforce a judgment taken on a promissory note, the record
being silent as to the facts and circumstances under which
the indebtedness was created, and a defense of discharge in

bankruptcy is interposed in the proceedings to enforce the judgment, evidence outside the record is admissible to show that the judgment debtor's obligation is one that is excepted from the operation of a discharge by the provisions of Section 17, Clause 4, of the Bankruptcy Act of 1938.

The plaintiff contends that such evidence is admissible and cites in support of this proposition the following: **Howland v. Carson, 28 Oh St 625,** which held that "the court will look back of the judgment, to the root and origin of the cause of action on which it is founded, in order to determine whether the discharge is a bar to the collection of such judgment," and also Fidelity and Casualty Company of New York v. Golombosky, 133 Conn. 317.

The defendant relies on the following cases: **Morrow v. Pfleiderer, 4 Oh Ap 283,** which held that where a judgment is taken on a note the judgment creditor cannot "explain the record by proof aliunde that the note was given for property obtained by the judgment debtor from such creditor by false and fraudulent representations" for the purpose of determining whether the claim is within one of the exceptions to the bar of a discharge in bankruptcy, and **Bannon v. Knauss, 57 Oh Ap 288, 13 N. E. (2d) 733,** which held that such evidence is admissible "only where the record of the case in which the judgment was obtained is ambiguous or does not disclose the nature of the cause of action on which the judgment was founded." The defendant also cited **Goodrich v. Eck, 25 Abs 548,** which held that in a proceeding in aid of execution the court "has no right to go further into the origin of the case than to examine the pleadings, files and records of the evidence therein." See Collier on Bankruptcy, Second Edition, Section 415, and Vol. 7, Remington on Bankruptcy, page 783.

The well-reasoned and exhaustive opinion of Judge Randall is attached to the transcript. The trial judge very ably discussed all the legal questions raised and differentiated the various cases cited. In Howland v. Carson, cited by the plaintiff, the root and origin of the judgment was disclosed by the record and it was unnecessary for the court in that case to determine the nature of the transaction on which the judgment was taken. In Bannon v. Knauss, the court, in commenting on Howland v. Carson, on page 290, stated:

"The opinion in the case of **Howland v. Carson, 28 Oh St, 625,** is in our judgment authority for the proposition that evidence outside the record of the case in which the judgment sought to be enforced or voided was obtained cannot be introduced to

show the nature of the cause of action on which such judgment is based where the record of the case discloses that fact."

Again, on page 291, the court stated:

"We are therefore of the opinion that this case is authority only for the proposition that under the facts disclosed by the answer the court would look back of the record of the judgment to the record of the case to determine the nature of the cause of action on which the judgment was based."

In Volume 8 C. J. S., page 1591, the rule is stated as follows:

"Where the claim or demand against which a discharge in bankruptcy is asserted is in the form of a judgment and the issue involved is whether such judgment comes within a class excepted from the operation of the discharge, the entire record of the action in which such judgment was recovered is admissible and may be considered in the determination of the question, especially if the nature of the cause in which the judgment was obtained is not apparent from the judgment itself. Beyond such record the court may not go, evidence outside the record not being admissible, certainly not to contradict the record. This rule confining the evidence to the record is applicable where fraud in the incurring of the indebtedness is asserted to save the judgment from the discharge."

This Court very recently had before it a similar question in Pass v. Webster, 85 Oh Ap 403, 83 N. E. (2d) 116, in which it was held that in a proceeding to revive a judgment the court could not go outside of the pleadings to determine whether the claim fell in a class of one of the exceptions to the bar of the discharge in bankruptcy.

In the instant case, the judgment being a provable debt, was barred by the defendant's discharge in bankruptcy. The trial court properly ruled that the evidence sought to be admitted was inadmissible and no error was committed in dismissing the proceedings.

Judgment affirmed.

MILLER, PJ, and HORNBECK, J, concur.