## ERNST v. WISE.

Common Pleas Court, Montgomery County.

No. 98914.

G. E. Miller, Dayton, for plaintiff.
Murray & McCarthy, Dayton, for defendant.

### OPINION

By MILLS, J.

This cause comes on for consideration of the motion of defendant to require the court to order the discharge of the attachment heretofore issued herein against the Miami Valley Hospital of Dayton, Ohio for the reason that on June 24th, 1949 this defendant filed a petition in bankruptcy in Federal Court of Dayton, Ohio, in which the judgment forming the basis for the said order was duly listed as one of the debts and the plaintiff notified thereof, and this defendant was duly discharged in bankruptcy on October 31, 1949.

The court has before it a certified copy of the discharge in bankruptcy filed in Case No. 9745 in the United States District Court for the Southern Division of Ohio.

The defendant contends that under the Bankruptcy Act, Title 11 U. S. C. A. §35, "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * for willful and malicious injuries to the person or property of another."

The defendant also cites Kreitlein v. Ferger, 238 U. S. 21, 35 S. Ct. 685, 59 L. Ed. 1184, quoting: "From the early days of federal bankruptcy law, the bankrupt's discharge has been given a broad and liberal construction. Exceptions to its operation have been confined to those 'plainly expressed' and the burden is cast upon one asserting the status of a creditor to show that, '* * * the debt sued on was by law excepted from the operation of the discharge.'"

Plaintiff, Elizabeth Ernst, asserts that the judgment upon which this attachment is based was one for wilful and malicious injury and that it is not dischargeable in bankruptcy.

On June 2, 1948 plaintiff filed an amended petition which reads:

"Plaintiff, Elizabeth Ernst, for her first cause of action says that she was married to Urban E. Ernst on November 30, 1905 in Montgomery County, Ohio and that eight children were born as the issue of said marriage and that she is now and has been ever since November 30, 1905 the lawful wife of the said Urban E. Ernst.

"Further, plaintiff avers that on December 15, 1947, in consideration of plaintiff's foregoing at that time the filing of a suit for alienation of her husband's affections, defendant entered into a written agreement, a copy of which is in the possession of defendant and that under the terms of said written agreement, defendant agreed that she would not, from that day henceforth, permit the said Urban E. Ernst to come to her home and that she would not go with him to any places, and that upon her failure to carry out the said agreement, that said instrument of writing should be construed as an agreement to pay to plaintiff the sum of $5000.00 as and for damages because of defendant's said actions; that in violation of said agreement defendant permitted said Urban E. Ernst to enter her home on March 22, 1948, March 29, 1948, April 5, 1948 and at divers other times since December 15, 1947."

Plaintiff included in her amended petition a second cause of action for alienation of affections. However, defendant failed to appear on the day the case was set for trial and

plaintiff obtained a default judgment for $5,000 on the first cause of action heretofore set forth.

It is contended by defendant herein that to be excepted in a discharge in bankruptcy the judgment herein should be predicated upon an action at tort rather than one in contract. This action, in which the judgment was given, is predicated upon a contract. Most courts throughout other states hold that the meaning of the exception for wilful and malicious injuries was meant to be predicated on an action in tort rather than upon a contract. However, the Supreme Court of the State of Ohio has spoken upon this subject and I quote from the second syllabus of **Howland v. Carson, 28 Oh St** 625: "A judgment of a court in a civil action between individuals existing against a bankrupt at the time the petition in bankruptcy is filed, is a debt, provable against the bankrupt's estate, whether the cause of action on which such judgment was founded arose out of a **tort** or on a **contract**."

This court has searched the case records in Ohio and has found no other expression on that subject.

The following is a copy of the contract entered into between the parties to this action:

"Dayton, Ohio
"December 15, 1947

"I, the undersigned, Ada Wise, do hereby admit that during the past several years I have been seeing one Urban Ernst, husband of Elizabeth Ernst, and that I have met him at various places in the city of Dayton, Ohio; that I have attended theaters with him, the admission to some for both Urban Ernst and myself being paid by the said Urban Ernst; and that in consideration of the said Elizabeth Ernst refraining from filing a suit for alienation of affections or damages of any nature against me, I do hereby agree that I will not, from this day henceforth, see or be in the presence of the said Urban Ernst, wherever he may be, nor will I permit him to come to my home nor will I go with him to any places of any nature or description whatsoever, and that in the event I should fail to carry out the aforesaid agreement as to seeing or being with the said Urban Ernst, I hereby agree that this instrument of writing shall be construed as an agreement to pay to the said Elizabeth Ernst the sum of Five Thousand ($5000.00) Dollars as and **for damages for my having seen and accompanied the said Urban Enrst during the past several years.**"

The syllabus of **United Mercantile Agencies v. Williams, 87 Oh Ap** 273, 94 N. E. 2d 572, reads: "In a proceeding in aid of execu-

tion to enforce a judgment taken on a promissory note, where the record is silent as to the facts and circumstances under which the indebtedness was created and a defense of discharge in bankruptcy is interposed, evidence outside the record is inadmissible to show that the judgment debtor's obligation is one that is excepted from the operation of a discharge by the provisions of Section 17, sub. a, Clause (4), of the Bankruptcy Act of 1938."

See also **Pass v. Webster, 85 Oh Ap 403, 83 N. E. 2d 116; Morrow v. Pfleiderer, 4 Oh Ap 283.**

The court has not gone outside of the record in the instant case to see whether or not this case comes under the exceptions.

The court has referred to the contract quoted above and has had read back the testimony adduced when the case came to trial. It is evident the plaintiff herein had employed detectives to trace her husband and the defendant, Ada B. Wise, for several years. The evidence showed that a long time before the execution of this contract the defendant and the plaintiff's husband had been consorting together; plaintiff's husband visited defendant at her home on numerous occasions, both in the daytime and at night; had taken her to theaters, had met her at theaters; when he visited her at night "he always stayed until nine o'clock and hardly missed." He and she were seen on her davenport in a compromising position and in a cemetery where she embraced him and at numerous times since the execution of the contract.

It is evident that this is a contract between plaintiff and defendant wherein defendant agrees not to proceed further in her conduct in order to further alienate plaintiff's husband's affections from plaintiff herein.

Quoting from **Exline v. Sargent, 23 Ohio Cir. Ct. R. (Laning) 180, 1902:**

"It is not the purpose of the bankrupt act to release a bankrupt from debts which are the result of his own wilful and malicious wrong doing."

"Judgment for damages for the alienation of a wife's affections is within Sec. 17 of the bankruptcy act of 1898, relating to 'wilful and malicious injuries to the person or property of another' and is not released by a discharge in bankruptcy."

The court in the above cited case quotes from Flanagan v. Pearson, 42 Tex. 1, and Loveland on Bankruptcy, page 624:

"In order that the judgment shall not be released, the injury to the person or property must have been wilful and malicious. Whether the act was wilful and malicious must be determined by the record of the court in which the judgment was recovered."

And from 1 American Ency. Law (2 Ed) 163:

"Whoever by fraud, persuasion or violence entices or takes a man's wife away from him is liable to the husband for the **injury** thereby done him."

"The ground of such an action is the infliction upon the husband of some one or more of the following injuries:

"1—Dishonor of the marriage bed.
"2—Loss of the wife's affections.
"3—Loss of the comfort of the wife's society.
"4—Value of her services, either total loss or as diminished.
"5—Mortification and sense of shame occasioned by domestic wrongs. Cooley on Torts, p. 224."

Webb's Pollock on Torts, p. 269: "Next to the sanctity of the person comes that of the personal relations constituting the family. Depriving the husband of the society of his wife * * * is not less a personal injury, though a less tangible one, than beating or imprisonment."

Quoting from Hartpence v. Rodgers, 143 Mo. 623, 45 S. W. 650: "In an action for the alienation of a wife's affections, the husband is entitled to recover for the wrong and **injury** done to his feelings and character."

These cases speak of the husband for the loss of his wife's affections. No one will contend that the wife is not entitled to the same justice for the loss of the husband's affections.

Quoting further from **Westlake v. Westlake, 34 Oh St 621, 634, 32 Am. Rep. 397:** "Before marriage the man and woman are endowed with the same personal right * * * in this state, neither the husband or wife unconditionally surrenders their personal rights by consummating the contract of marriage. On the contrary, each acquires a personal as well as legal right to the conjugal society of the other, for the loss of which either may sue separately."

The Court of Appeals of Ohio, Lucas County, on December 20, 1943, decided the case of **Weeks v. Streicher, 74 Oh Ap 253,**

58 N. E. 2d 415, and said in the first syllabus: "' Malice.' within Bankruptcy Act provision precluding discharge when judgment is for malicious injury to another, means a wrongful act, done intentionally, without just cause or excuse."

And further, on the same page say: "2 Malice, in common acceptation, means ill will against a person, but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse."

This court is, therefore, of the opinion that the judgment herein was predicated upon a wilful malicious injury to the person of the plaintiff, Elizabeth Ernst, and is not dischargeable in bankruptcy.

Accordingly, defendant's motion filed herein to discharge the attachment is overruled.