FRIEDMAN FINANCE CO., APPELLANT, *v.* SHIRLEY ET AL.,
APPELLEES.*

(No. 5652—Decided November 4, 1957.)

*Messrs. Saxbe, Boyd & Prine,* for appellant.
*Messrs. Barkan, Brown & Crites* and *Mr. Robert L. Herron,*
for appellees.

PETREE, P. J. This is an appeal on questions of law from
the Municipal Court of Columbus.

The assignments of error are as follows:

1. The trial court erred in admitting into evidence the certified copy of a bankruptcy proceeding.

2. The trial court erred in sustaining defendant-appellees' motion to dismiss the proceeding in aid of execution.

There appears to be no dispute that a judgment was rendered on April 19, 1956, in the Municipal Court in favor of plaintiff, appellant herein, for $841.82 upon a cognovit note. On

---

*Judgment affirmed, 168 Ohio St., 273.

September 27, 1956, execution was issued on this judgment, this being after the statutory ninety-day Municipal Court term.

From the bill of exceptions, it appears that on February 1 and February 8, 1957, defendant Albert Clay Shirley, an appellee herein, appeared in the Municipal Court in a judgment-debtor hearing concerning the judgment of April 19, 1956, heretofore referred to. The court admitted the evidence of adjudication in bankruptcy, which had occurred on January 11, 1956, and the discharge of the defendants in bankruptcy, effective March 23, 1956. Plaintiff objected to this admission.

The petition, statement of affairs, schedules, summary and adjudication filed January 11, 1956, bankruptcy action No. 19925, in the matter of Albert Clay Shirley, were attested by the clerk under the seal of the United States District Court; and the discharge in bankruptcy on March 23, 1956, of Albert Clay Shirley was signed by G. H. Butt, Referee in Bankruptcy in the United States District Court. Both having been properly authenticated, we find no error in their admission as defendants' exhibits 1 and 2 by the Municipal Court.

From the foregoing, it is clear that the discharge of the defendant Albert C. Shirley from legal liability upon the note in question on March 23, 1956, occurred some 27 days before the plaintiff filed its petition, answer, and judgment upon the cognovit note on April 19, 1956.

There is nothing in the record of this case which shows that the debt of the Friedman Finance Company was not a provable debt of the bankrupt and dischargeable in bankruptcy. The legal liability on the note was, therefore, discharged on March 23, 1956. The plaintiff having elected to sue upon that note on April 19, 1956, at a time when it had already been discharged, its judgment was void. If the plaintiff had desired to sue defendant Shirley upon the debt under a claim that it was not provable or dischargeable in bankruptcy, it had that option in the state court. The Bankruptcy Act itself sets out certain types of claims which are not dischargeable. The defendants could be summoned into the state court on a proper petition and required to answer, wherein the question might be litigated, but the burden in a case such as we have is upon the plaintiff to show that its claim was not provable in bankruptcy.

In support of our position, we cite *United Mercantile Agencies, Inc.,* v. *Williams,* 87 Ohio App., 273, 94 N. E. (2d), 572, decided by this court in 1950. The syllabus reads as follows:

"In a proceeding in aid of execution to enforce a judgment taken on a promissory note, where the record is silent as to the facts and circumstances under which the indebtedness was created and a defense of discharge in bankruptcy is interposed, evidence outside the record is inadmissible to show that the judgment debtor's obligation is one that is excepted from the operation of a discharge by the provisions of Section 17, Clause 4, of the Bankruptcy Act of 1938."

By this decision we are taking away no rights of this plaintiff or anyone so situated. Anyone who can prove that his claim was not dischargeable or provable under the terms of the Bankruptcy Act has his remedy in the state courts. We do hold with the *Williams case* that where a judgment is taken on a promissory note and the record is silent as to the facts and circumstances under which the indebtedness was created, and a defense of discharge in bankruptcy is interposed, evidence outside the record in such suit on the note is inadmissible to show that the judgment-debtor's obligation is one that is excepted from the operation of a discharge by the provisions of Section 17, Clause 4, of the Bankruptcy Act of 1938. The record in this case is silent as to the circumstances under which the debt was created; and we hold, therefore, that there is no prejudicial error in the action of the trial court and that neither assignment of error is well taken.

The judgment of the Municipal Court is, therefore, affirmed.

*Judgment affirmed.*

Bryant and Miller, JJ., concur.