George Allen LEE, Plaintiff,

v.

George A. ENGLAND et al., Defendants.

Civ. A. No. 2609-61.

United States District Court
District of Columbia.

June 13, 1962.

Samuel B. Block, Washington, D. C., for plaintiff.

Chester H. Gray, Corporation Counsel, D. C., John A. Earnest, Asst. Corporation Counsel, D. C., Robert R. Redmon, Asst. Corporation Counsel, D. C., attorneys for defendants.

SIRICA, District Judge.

This is an action for a mandatory injunction [1] brought against the District of Columbia Director of the Department of Motor Vehicles and the Safety Responsibility Officer of that Department.

For some time prior to March 19, 1943, the plaintiff was the holder of a valid D. C. motor vehicle operator's permit and had the privilege of registering a motor vehicle in this jurisdiction.

On January 19, 1943, Eugene Troxell and Peter R. Galgano, plaintiffs in Civil Action No. 15557 filed in this Court, obtained judgments by default against the plaintiff herein, in the amounts of $15,-000. and $575., respectively. Subsequently, Troxell and Galgano, as judgment creditors, docketed their judgments pursuant to D.C.Code § 15–101 (1940).

On March 4, 1943, the Clerk of this Court notified the District of Columbia Director of Vehicles and Traffic that the judgments had become final and were "unstayed, unsatisfied, and subsisting."

On March 19, 1943, plaintiff's motor vehicle operator's license and registration privileges were suspended as a result of the judgments entered against him in Civil Action No. 15557, pursuant to the provisions of D.C.Code § 40–403 (1940). On July 7, 1944, plaintiff filed a petition in bankruptcy in this Court and on October 3 of that year, a voluntary discharge in bankruptcy was granted. The discharge in bankruptcy included, *inter alia,* the judgments which had been obtained by the judgment creditors Troxell and Galgano. No *scire facias* was caused to

---

1. The complaint as originally filed prayed that this Court issue a Writ of Mandamus against each of the defendants ordering them to restore to plaintiff his operating and registration privileges. During the trial, counsel for plaintiff was permitted to amend this complaint and the action now is for a mandatory injunction.

be issued and no motion to revive was ever filed by the judgment creditors.

In April, 1961, over 18 years after the final entry of the judgments, plaintiff applied for reinstatement of his motor vehicle operator's permit, but the request was denied by the Safety Responsibility Officer upon the advice of the District of Columbia Corporation Counsel. Plaintiff appealed to the Director of Motor Vehicles and on July 11, 1961, the appeal was denied. Plaintiff thereupon filed his complaint with this Court.

It is the contention of the defendants that a judgment creditor, who comes within the purview of the financial responsibility laws, must satisfy a judgment entered against him even though it is no longer enforceable by reason of the expiration of the statute of limitations, or because of a discharge in bankruptcy.[2] Plaintiff admits that the judgments against him have never been satisfied, but he claims that since they were not revived, by virtue of the statutes in effect at the end of the statutory period, the judgments became nullities, were no longer effective and thus were unsubsisting and discharged.

■ The Court finds that since the 1943 judgments were not revived, they ceased to have any operation or effect after twelve years; i. e., they were "extinct," Dutton v. Parish, 34 App.D.C. 393, 396 (1910), and no longer subsisted.[3]

■ However, there has not been a discharge such as would relieve plaintiff of the penalties imposed by § 40–403. The following reasoning in De Vries v. Alger, 329 Mich. 68, 75, 44 N.W.2d 872, 876 (1950) is most convincing:

"It clearly appears to have been the policy of the legislature [or in this jurisdiction, Congress] that a discharge of a debt by bankruptcy does not relieve the debtor from the requirements of the act. Likewise, in our opinion, the statute of limitations should not relieve a debtor from the requirements of the act. In each case the moral obligation to pay a just debt remains, but the power to enforce payment is stayed by operation of law."

The Supreme Court recently had occasion to reflect upon and consider the purpose of financial responsibility laws:

"Financial-responsibility laws are intended to discourage careless driving or to mitigate its consequences by requiring as a condition of licensing or registration the satisfaction of outstanding accident judgments, the posting of security to cover possible liability for a past accident, or the filing of an insurance policy or other proof of ability

---

2. The pertinent statutory provisions are §§ 40–403, 15–101 and 15–102 of the D.C. Code, 1951 Edition. The applicable portion of § 40–403 provides:

"The operator's permit and all of the registration certificates of any person, in the event of his failure to satisfy every judgment arising from an accident * * shall be forthwith suspended * * * and shall remain so suspended and shall not be renewed, nor shall any other motor vehicle be thereafter registered in his name while any such judgment remains *unstayed, unsatisfied, and subsisting, nor until every such judgment is satisfied or discharged, except by a discharge in bankruptcy,* and until the said person gives proof of his ability to respond in damages * * * for future accidents." (Emphasis supplied.)

Section 15–101 limits the enforceability of a judgment to twelve years from the date when an execution could have been issued upon it, or from the date of a last revival thereof under *scire facias*, and § 15–102 sets forth the status of an unrevived judgment:

"At the expiration of said period of twelve years the said judgment or decree *shall cease to have any operation or effect*, and no action shall be brought on the same nor any scire facias or execution issued on the same thereafter * * *." (Emphasis supplied.)

3. Webster's New International Dictionary (1957) defines the verb "subsist" as meaning "to have existence; to be; to exist or continue to exist."

to respond in damages in the future." [4]

If, at the end of twelve years a debtor were able to obtain a driver's permit notwithstanding his having paid nothing toward satisfying a judgment awarded to one injured by his carelessness, negligent driving would be much less discouraged than Congress obviously intended.

The statute provides for payment in installments so that the tort feasor with limited income may recover his lost privileges with a minimum of sacrifice. It is not unreasonable to force the judgment debtor to use public transportation facilities until such time as he takes steps toward satisfying his obligation. Furthermore, no matter what the original judgment might have been, he is only required to pay a maximum of $5,000 if one person were injured and if more than one person were injured in the same accident, he would only have to pay a maximum of $10,000.

The fact that the judgment creditors made no effort to revive their judgment likewise lends no support to plaintiff's position that his debt has been discharged. Since plaintiff had been discharged in bankruptcy, any effort which could have been made to revive the 1943 judgments probably would have been unsuccessful. Michael v. Smith, 95 U.S. App.D.C. 186, 221 F.2d 59, 52 A.L.R.2d 667 (1955); Pass v. Webster, 85 Ohio App. 403, 83 N.E.2d 116 (1948).

The Court therefore concludes that the relief requested by the plaintiff should not be granted. This opinion shall constitute the findings of fact and conclusions of law. Counsel will submit an appropriate order.

4. Kesler v. Department of Public Safety, 369 U.S. 153, 82 S.Ct. 807, 811, 7 L.Ed.2d 641, 647 (1962).