**Johnny F. CHEEK, individually and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**Walter E. WASHINGTON, individually and as Commissioner of the District of Columbia, and Joseph P. Murphy, individually and as Director of the Department of Safety Responsibility of the Department of Motor Vehicles of the District of Columbia, and W. D. Heath, individually and as Director of the Department of Motor Vehicles of the District of Columbia, Defendants.**

**Civ. A. No. 583–70.**

United States District Court,
District of Columbia.

April 24, 1970.

Roger C. Wolf, Washington, D. C., for plaintiffs.

Charles T. Duncan, Corp. Counsel, John A. Earnest, Frederic Lee Ruck,

Asst. Corp. Counsel, D. C., Washington, D. C., for defendants.

## MEMORANDUM—ORDER

JOHN LEWIS SMITH, Jr., District Judge.

In this class suit plaintiffs seek declaratory and injunctive relief to hold that 40 D.C.Code § 437 (1967 ed.) is unconstitutional in that it is violative of the Fifth Amendment. Specifically, plaintiffs complain that § 437 does not comport with due process in that, without provision for a prior hearing to determine culpability, it *requires* suspension of drivers' licenses and automobile registrations when one is merely involved in an automobile accident causing more than $100.00 damages and is either uninsured, unable to post security, or unable to obtain a release from the other parties involved. Plaintiff Cheek has been suspended pursuant to these provisions and alleges that suspension of his driver's license may be a deprivation of his livelihood as the license is a requisite for his job.

The case is now before the court on plaintiffs' motion to convene a three-judge court and on defendants' motion to dismiss.

Title 28 U.S.C. § 2282 provides that an injunction restraining the enforcement of any Act of Congress "shall not be granted * * * unless the application therefor is heard and determined by a district court of three judges * * *." However, § 2282 does not apply if the question of constitutionality raised is not substantial. This limitation is strictly enforced. Otherwise numerous Federal Judges would be immobilized in three-judge courts in actions that may be entirely lacking in merit. A claim may lack substantiality "either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject." California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938).

For the reasons stated below, this court is of the opinion that no substantial constitutional question is involved. Congress has reposed issuance and retraction within the discretion of the Commissioners and it may surround this grant with reasonable requisites and contingencies. The Motor Vehicle Safety Responsibility Act of the District of Columbia, 40 D.C.Code § 417 et seq. (1967 ed.), of which § 437 is a section, exemplifies one such contingency and this court considers, in light of the obvious intent to insure financial protection for the public, that § 437 is reasonable vis a vis the ends sought to be attained.

In Lee v. England, 206 F.Supp. 957 (D.C.D.C.1962), quoting from Kesler v. Department of Public Safety, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641 (1962), this court said,

> Financial-responsibility laws are intended to discourage careless driving or to mitigate its consequences by requiring as a condition of licensing or registration the satisfaction of outstanding accident judgments, the posting of security to cover possible liability for a past accident, or the filing of an insurance policy or other proof of ability to respond in damages in the future.

Therefore, it is this 24th day of April, 1970

Ordered, that plaintiffs' motion for a three-judge court be and it hereby is denied.

It is further ordered, that defendants' motion to dismiss is hereby granted.