DeVRIES v. SECRETARY OF STATE.

1. Statutes—Presumed Constitutional.

   Acts of a State legislature are presumed constitutional until the contrary is shown; and it is only when they manifestly infringe some provision of the Constitution that they can be declared void for that reason.

2. Same—Presumption as to Constitutionality.

   Every possible presumption, not clearly inconsistent with the language and the subject matter of an act, is to be made in favor of its constitutionality in cases of doubt.

3. Automobiles—Licenses—Conditions.

   A license to operate a motor vehicle on the public highways is a privilege granted by the State and party accepting such a license must accept all reasonable conditions imposed by the State in granting the license (PA 1933, No 203, § 3, as amended by PA 1939, No 216).

---

References for Points in Headnotes

[1, 2] 11 Am Jur, Constitutional Law, §§ 92, 93, 96–100, 128.
[3–6, 8, 9] 5 Am Jur, Automobiles, §§ 151, 152, 157, 158.
[3–6] Validity of statute or ordinance relating to granting or revocation of license or permit to operate automobile. 71 ALR 616; 108 ALR 1162; 125 ALR 1459.
[7, 9] 34 Am Jur, Limitation of Actions, §§ 9, 11.
[10] 14 Am Jur, Costs, §§ 23, 91.

4. Same—License to Operate—Financial Responsibility Act—Suspension—Discharge of Judgment.

> State financial responsibility act, providing for the suspension of license to operate a motor vehicle for duration of period in which a judgment against the licensee, arising from his negligent operation of such vehicle remains unsatisfied, other than by discharge of judgment in bankruptcy, was not unconstitutional as superseding or ignoring the Federal bankruptcy act but is permissible State policy touching highway safety (US Const, am 14, § 1; Mich Const 1908, art 2, § 16; 11 USCA, § 35; PA 1933, No 203, § 3, as amended by PA 1939, No 216; PA 1949, No 300, § 513).

5. Same—Licenses—Due Process.

> Any appropriate means adopted by a State to insure competence and care on the part of its licensees to operate motor vehicles on the public highways and to protect others using the highways is consonant with due process (US Const, am 14, § 1; Mich Const 1908, art 2, § 16).

6. Same—Legislature—Police Powers—Licenses.

> A State legislature has the right under its police powers to control automobile traffic, including the control of those persons who may be licensed to drive a motor vehicle.

7. Limitation of Actions—Running of Statute—Payment of Debt.

> The running of the statute of limitations does not cancel a debt but merely prevents a creditor from enforcing his claim.

8. Automobiles—Financial Responsibility Act—Suspension of Licenses—Secretary of State.

> The secretary of State had no authority under the financial responsibility act to pass upon the question of negligence or freedom from negligence of the licensee to operate a motor vehicle but in the event a judgment against a licensee, arising from his negligent operation of a motor vehicle remains unsatisfied, other than by discharge under the bankruptcy act, the secretary of State must suspend the license as he has no discretion in the matter (11 USCA, § 35; PA 1933, No 203, as amended by PA 1939, No 216).

9. Same—Licenses—Discharge in Bankruptcy—Statute of Limitations—Financial Responsibility Act.

> Neither a discharge in bankruptcy nor the statute of limitations relieves a debtor from the requirements of the motor vehicle financial responsibility act as in each case the moral obligation

to pay a just debt remains, but the power to enforce payment is stayed by operation of law (11 USCA, § 35; PA 1933, No 203, as amended by PA 1939, No 216).

10. COSTS—CONSTRUCTION OF STATUTE.

No costs are allowed in mandamus proceeding to compel secretary of State to issue plaintiff a motor vehicle operator's license, where the interpretation of a statute is involved (PA 1933, No 203, as amended by PA 1939, No 216).

Mandamus by Benjamin DeVries to compel Fred M. Alger, Jr., Secretary of State, to issue motor vehicle operator's license. Submitted September 12, 1950. (Calendar No. 44,835.) Writ denied December 5, 1950.

*Robinson, Robinson & Robinson,* for plaintiff.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendant.

SHARPE, J. Plaintiff, Benjamin DeVries, filed a petition in the Supreme Court for a writ of mandamus commanding Fred M. Alger, Jr., secretary of State, to issue plaintiff a motor vehicle operator's license.

Plaintiff alleges that he is a resident of Grand Rapids; that on the 9th day of November, 1939, a default judgment in the amount of $255.80 and costs of $52.90 was taken against him in the superior court of Grand Rapids; that on March 26, 1940, plaintiff was discharged in bankruptcy; that plaintiff's obligation to pay the judgment was terminated by the discharge in bankruptcy; and that on December 28, 1949, plaintiff made an application to defendant for a motor vehicle operator's license which was promptly refused on the grounds that the running of the statute of limitations can in no way be considered as

having stayed, satisfied or discharged the judgment and that the State of Michigan does not permit exemption through a discharge in bankruptcy as a satisfaction of judgment.

Upon the filing of the petition we issued an order to said Fred M. Alger, Jr., secretary of State, to show cause why mandamus should not be issued. The return to the order to show cause avers that under the so-called financial responsibility act a discharge in bankruptcy is not a satisfaction of judgment and the running of the statute of limitations cannot be considered as having discharged the judgment.

Our original financial responsibility act was PA 1933, No 203. Section 3 of this act, as then last amended by PA 1939, No 216 (CLS 1940, § 4685-53, Stat Ann 1940 Cum Supp § 9.1543), in effect when the default judgment was entered, provided in part:

"Such operator's license, chauffeur's license, and registration certificates shall remain so suspended and shall not be renewed, nor shall any such license be issued to such person nor shall any such motor vehicle be thereafter registered in the name of such person while any such judgment remains unstayed, unsatisfied and subsisting nor until every such judgment is satisfied or discharged, except by a discharge in bankruptcy, and until the said person gives proof of his ability to respond in damages as required in section 2 of this act, for future accidents."

Our present statute dealing with duration of suspension and a discharge in bankruptcy is PA 1949, No 300, § 513 (Stat Ann 1949 Cum Supp § 9.2213) and provides:

"(a) Such license, registration, and nonresident's operating privilege shall remain so suspended and shall not be renewed, nor shall any such license or

registration be thereafter issued in the name of such person, including any such person not previously licensed unless and until such judgment is satisfied in full or to the extent hereinafter provided, and until the said person gives proof of financial responsibility subject to the exception stated in section 515 of this chapter.

"(b)  A discharge in bankruptcy following the rendering of any such judgment shall not relieve the judgment debtor from any of the requirements of this chapter."

Plaintiff urges that PA 1949, No 300, § 513, is unconstitutional in that the Michigan legislature has no power or authority to enact legislation which supersedes and ignores the Federal bankruptcy act. Plaintiff also urges that the statute is invalid, either in its enactment, in its construction, or in its application as it does not accomplish a legitimate police power objective and violates the due process clause of the State[*] and Federal[†] Constitutions.

The long-established rule followed by our Court in construing a statute is that every reasonable intendment must be resolved in favor of the constitutionality of legislative action, see *Johnson* v. *Commissioner of Agriculture*, 314 Mich 548. In *Sears* v. *Cottrell*, 5 Mich 251, 259, we said:

"No rule of construction is better settled in this country, both upon principle and authority, than that the acts of a State legislature are to be presumed constitutional until the contrary is shown; and it is only when they *manifestly* infringe some provision of the Constitution that they can be declared void for that reason. In cases of doubt, every possible presumption, not clearly inconsistent with the language and the subject matter, is to be made in favor of the constitutionality of the act.

---

[*] See Mich Const, 1908, art 2, § 16.—REPORTER.

[†] See US Const, am 14, § 1.—REPORTER.

"The power of declaring laws unconstitutional should be exercised with extreme caution, and never where serious doubt exists as to the conflict."

See, also, *In re Phillips,* 305 Mich 636.

In construing the 1949 act we have in mind that "A license to operate a motor vehicle is a privilege granted by the State." See *Larr* v. *Secretary of State,* 317 Mich 121. In accepting such license one must also accept all reasonable conditions imposed by the State in granting the license, see *People* v. *Thompson,* 259 Mich 109.

We hold that the law in question is not objectionable on the grounds claimed by plaintiff for the reasons stated in *Reitz* v. *New York Commissioner of Motor Vehicles,* 314 US 33 (62 S Ct 24, 86 L ed 21), where similar claims were made as to section 94–b of the New York vehicle and traffic law. This section as originally enacted provided that one against whom a judgment is rendered for injury resulting from the operation of a motor car and who fails to pay it within the time designated, shall have his license and registration suspended for 3 years, unless in the meantime the judgment is satisfied or discharged, except by discharge in bankruptcy. As to this statute the United States Supreme Court said:

"*First.* The statute * * * is not obnoxious to the due process clause of the 14th Amendment. The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the States to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process. Some States require insurance, or its

equivalent, as a condition of the issue of a license. New York chose to obtain the same end by providing for the revocation or suspension of a license if the holder is adjudged guilty of negligent driving. Section 94–b permits the restoration of the license upon payment or satisfaction of the judgment. As the court below has held, the effect of the statute as it stood prior to the amendment of 1936 was to make the license privilege a form of protection against damage to the public inflicted through the licensee's carelessness.

"*Second.* Prior to the amendment of 1936, the license could not be restored until 3 years had expired from its suspension unless the judgment were paid or discharged, except by a discharge in bankruptcy, and unless, also, the licensee furnished proof of his ability to respond in damages for any future accident.

"If the statute went no further, we are clear that it would constitute a valid exercise of the State's police power not inconsistent with section 17 of the bankruptcy act.* The penalty which section 94–b imposes for injury due to careless driving is not for the protection of the creditor merely, but to enforce a public policy that irresponsible drivers shall not, with impunity, be allowed to injure their fellows. The scheme of the legislation would be frustrated if the reckless driver were permitted to escape its provisions by the simple expedient of voluntary bankruptcy, and, accordingly, the legislature declared that a discharge in bankruptcy should not interfere with the operation of the statute. Such legislation is not in derogation of the bankruptcy act. Rather it is an enforcement of permissible State policy touching highway safety."

Reasonable minds agree that the legislature has the right under its police powers to control automobile traffic. One of the purposes of the act in question is the regulation of such traffic by the control of

---

* See 11 USCA, § 35.—Reporter.

those who may be licensed to drive a motor vehicle. In our opinion the act in question is not unconstitutional.

It is also urged that the defendant in his construction of the statute attempts to make the office of the secretary of State an agency to enforce payment of a debt. The running of the statute of limitations does not cancel the debt, it merely prevents a creditor from enforcing his claim.

In the *Larr Case, supra,* we had occasion to discuss the duties of the secretary of State in a similar act. We there said:

"The secretary of State has no authority to pass upon the question of negligence or freedom from negligence. *He has no discretion, but is obliged to act as the law provides.* If the penalty is harsh as to innocent parties, the relief sought must come from the legislative branch of our government." (Italics supplied.)

It clearly appears to have been the policy of the legislature that a discharge of a debt by bankruptcy does not relieve the debtor from the requirements of the act. Likewise, in our opinion, the statute of limitations should not relieve a debtor from the requirements of the act. In each case the moral obligation to pay a just debt remains, but the power to enforce payment is stayed by operation of law.

The writ of mandamus is denied, but without costs as the interpretation of a statute is involved.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Carr, and Bushnell, JJ., concurred.