**SMITH et, Plaintiffs, v. HAYES, Jr., Defendant.**

Common Pleas Court, Madison County.

No. 19644.   Decided December 15, 1955.

Richmond & Richmond, London, for plaintiffs.
Harvey Crow, for defendant.

## OPINION

By BAYNES, J.

On 21 May 1953, plaintiffs filed their petition against defendant for damages of $440.47 arising out of an automobile collision. On 29 June 1953, two days after Answer day, **and without leave of court,** defendant entered his appearance. After certain motions were disposed of on 19 December 1953, defendant was ordered to plead on 10 March 1954, on or before 20 March 1954, under penalty of default judgment. On 24 March

1954, four days after pleading day, **and without leave of court**, defendant filed an argumentative answer in the nature of a general denial. The case came on for Pre-Trial hearing on 18 March 1955. It was submitted to a jury on 16 June 1955. Neither the defendant, his attorney, or anyone on his behalf appeared at the trial, although this does not appear of record. Judgment was entered for $440.00.

It appears in the file that the referee in bankruptcy sent the Clerk of this Court a notice of first meeting of creditors of the defendant to be held 28 June 1955, which was received on 15 June 1955. It also stated defendant had been adjudged a bankrupt on 14 June 1955.

A certified copy of the unsatisfied judgment was sent to the Registrar of the Ohio Bureau of Motor Vehicles of the State of Ohio, in accordance with the provisions of §4509.35 R. C. On 22 August 1955 the Registrar sent notice of suspension of the defendant-judgment debtor's-petitioner in bankruptcy's, "privilege to operate a motor vehicle upon the highways of this state and your operator's license evidencing such privilege and license plate registration previously issued to you are suspended," effective 7 September 1955, in accordance with the provisions of **Chapter 4509 R. C.**

On 29 August 1955 defendant moved to vacate the judgment on the grounds that on 14 June 1955 defendant was adjudicated a bankrupt; that his petition listed plaintiff's claim; and that this court lost jurisdiction over the claim or cause of action after the U. S. District Court acquired jurisdiction. An eight line memorandum in support of his motion cited no authority.

Upon plaintiffs', judgment creditors' motion, the vacation motion was dismissed on 27 September 1955 for failure to deposit security for court costs. Upon deposit of costs the motion to vacate judgment was reinstated and on 28 November 1955 a short supplemental memorandum was filed in judgment debtor's behalf citing Remington on Bankruptcy, 3rd Ed. Sec. 860, Vol. 2, page 258, and In re Peoples Warehouse, 273 Fed. 611. Neither of which had any conceivable application to the questions raised.

It also appears in the case file that on 1 December 1955 the referee in Bankruptcy sent to the Clerk of this Court a notice of order fixing time for filing objections to discharge of the defendant-bankrupt, which is 31 December 1955. It is also stated that no Trustee had been appointed in the case.

We assume for purposes of this decision, that the cause of action on which the judgment is founded falls within the classification of a claim for which discharge would be a release. Under Section 29 of the Bankruptcy Act, as amended 7 July 1952, 66 Stat. 422, 11 U. S. C. A. Sec. 29, p. 174, 1954 Sup. (b):

"The Court may order the receiver or trustee to enter his appearance and defend any pending suit against the bankrupt."

This is not mandatory it is permissive and, as stated, it was not done.

Nor was any stay order secured by anyone with power so to do, ousting this court of its jurisdiction to adjudicate the case as provided by Section 29 (a) of the Act.

"Bankruptcy proceedings do not merely by virtue of their main-

tenance, terminate action already pending in non bankruptcy court, to which bankrupt is a party." Connell v. Walker, 54 S. Ct. 257, 291 U. S. 1, 78 L. Ed. 613.

See also In re Innis, 140 F. 2d 479, Certiorari denied 64 S. Ct. 1048, 322 U. S. 736, 88 L. Ed.

It therefore follows that the **second class notice,** if it was notice at all, that this court received as a result of some act of the defendant-bankrupt, or his attorney, or both did not stay the judgment proceedings, nor did it oust this court of its jurisdiction. Whether the debt was dischargeable makes no difference.

The remainng question relates to the effect of the adjudication of defendant as a bankrupt as grounds for vacating a judgment. The reason vacation is sought is because of the action of the Ohio Registrar of Motor Vehicles set out in the statement of the facts of the case. **Sec. 4509.43 R. C.,** for suspension of registration and license of and for operation of Motor Vehicles in Ohio provides:

"A discharge in bankruptcy does not relieve the judgment debtor from §4509.01 to §4509.78, inclusive, **R. C.**"

We are unable to find any Ohio reported case construing and applying this section. DeVries v. Alger, Secretary of State, 44 N. W. 2d 872, 329 Mich. 68, construes and applies a comparable statute, P A. 1949, No. 300, Sec. 513, stat. Ann. 1949 Cum. Supp. Sec. 9.2213 (b), which provides:

"A discharge in bankruptcy following the rendering of any such judgment shall not relieve the judgment debtor from any of the requirements of this chapter."

We are aided considerably, in the instant case, by what the Supreme Court of Michigan has held. In the first place, the right to license and operate an automobile is a privilege and is not a property right. The state has an absolute right, under its sovereign police power, to control automobile traffic by controlling under what circumstances its citizens may be licensed to operate a motor vehicle.

Acting under this power the state, under proper classification, does not in anywise intend to, nor does it supercede the Federal Bankruptcy laws nor contravene Section VIII, Article I of the Constitution of the United States.

In addition to its constitutional accomplishment of a legitimate police power objective, it neither denies a person, subject to its provisions, of due process of law or equal protection of the law, either under the 14th amendment of the U. S. Constitution, or any Section of the Constitution of the State of Ohio.

Cited in the Michigan case is a decision of the Supreme Court of the United States, Reitz v. Mealy, Commissioner of Motor Vehicles of the State of New York, 314 U. S. 33, 62 S. Ct. 24, 86 L. Ed. 21, where the same attack was made on a similar provision of law, 94 b of the New York Vehicle and Traffic Law. McK. Consol. Laws, c 71. The Court said, 62 S. Ct. 24, 26:

"Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.

"If the statute went no further, we are clear that it would constitute

a valid exercise of the state's police power not inconsistent with Section 17 of the Bankruptcy Act. 11 U. S. C. A. Section 35."

It is elementary that a discharge in bankruptcy merely stays, by operation of law, the power to enforce a debt. The moral obligation remains. It is the policy of this, as well as many other states, that a bankruptcy discharge does not discharge such debtor from the provisions of the motorists Financial Responsibility Code.

The motion to vacate the judgment is therefore overruled, in its entirety. The Court has journalized its order forthwith.