*Southern District*

**CANTON LUMBER & SUPPLIES, INC.**

**v.**

**EARL A. MacNEVIN, JR. A/K/A**

*Present:* Nash, P.J., Owen, Murphy, J.J.

Case tried to *Sullivan, J.,* in the District Court of Southern Norfolk, No. 18204

*Murphy, J.* This is an action of contract to recover the sum of $3,210.45, together with interest on account of a judgment recovered on June 17, 1963. The answer is a general denial, and a discharge in bankruptcy.

The original action began as a bill in equity against the defendant in the Norfolk County Superior Court filed on *January 28, 1960.* The defendant failed to appear and answer, and the bill was taken as confessed against him on *March 29, 1960.*

On *April 5, 1960,* the defendant was adjudged a bankrupt, and in that bankruptcy proceeding, plaintiff's claim was scheduled as a cause of action pending for building supplies $2,629.67 and was listed as "liquidated and undisputed".

The defendant was granted a discharge in bankruptcy on *July 13, 1960* by the United States District Court. The defendant did not

file a suggestion of bankruptcy, nor request a stay of proceedings in the Superior Court case.

On *June 10, 1963,* the plaintiff filed a motion for final decree against the defendant in the equity case, and judgment was entered and execution issued thereon.

The present action is based on that judgment and was commenced on *August 11, 0964.* The defendant relies on the discharge in bankruptcy as a defense.

The court found for the defendant.

The plaintiff made the following requests for rulings:

"1. The debt upon which this cause of action is founded is not extinguished by defendant's discharge in bankruptcy.

"2. The judgment upon which this cause of action is based, having issued subsequent to defendant's discharge in bankruptcy, is not subject to the defense of discharge in bankruptcy.

"3. In order to become entitled to the defense of discharge in bankruptcy, the defendant was obliged to plead that defense in the cause of action in the Superior Court upon which this cause of action is founded.

"4. The judgment debt upon which this cause of action is founded was not discharged in bankruptcy.

"5. The defendant has no right to the de-

fense of discharge in bankruptcy in this cause of action.''

The Court allowed plaintiff's requests numbered 1 and 4 and denied plaintiff's requests numbered 2, 3 and 5. Request No. 3 was ''denied as being ambiguous with this comment.'' The defendant was obligated to plead in the Superior Court action in order to avail himself of the defense in that action; he is also obligated to plean in this action in order to avail himself of the defense''.

The court made special findings of fact consistent with the reported evidence.

The plaintiff claims to be aggrieved by the finding for the defendant, the denial of the plaintiff's requests for rulings and the denial of the plaintiff's motion to correct alleged inconsistancies.

The question presented here is whether or not the defendant can avail himself of the defense of bankruptcy in this action, having failed to take advantage of that defense in the original equity action by filing a suggestion of bankruptcy or by asking for a continuance. The bill was taken as confessed against him; in other words, he was defaulted for failing to appear and answer.

The plaintiff contends the defendant cannot now avail himself of that defense and that he cannot attack the judgment rendered against him in the Superior Court by pleading the dis-

charge in bankruptcy in this action at this late date. We do not agree.

A discharge in bankruptcy shall release a bankrupt from all his provable debts, and shall constitute a complete defense to any action by a creditor on a claim which has been discharged. *Helms* v. *Holmes,* 129 F.2nd, 271-272, *Huntington* v. *Saunders,* 166 Mass. 92. *Saunders* v. *Huntington,* 166 Mass. 96. A creditor may now be enjoined in a State court, and if the debtor's final discharge is not obtained until after judgment has been rendered against him in the State court, he may plead the discharge and obtain a stay of the execution. *Badger* v. *Jordan Marsh Company,* 256 Mass. 153.

And further as was said in the *Badger* case quoting from *Boynton* v. *Ball,* 121 US 457.

"If for any of these reasons, or for others, he permits the case to proceed to judgment in the State court, by failing to procure a stay of proceedings under the provisions of . . . the bankruptcy law, or the assignee in bankruptcy does not intervene as he may do, *Hill* v. *Harding,* 107 U.S. 631, he does not thereby forfeit his right to plead his final discharge in bankruptcy, if he shall obtain it, at any appropriate stage of the proceedings against him in the State court".

The present case is still in an appropriate stage of the proceedings so that a forfeiture of

his right to plead the discharge in bankruptcy may be avoided. *Badger* v. *Jordan Marsh Company*, 256 Mass. 163.

We attach no great significance to the plaintiff's argument that in the *Badger* case the judgment was rendered before the discharge. This is a specious argument on the record before us. The defendant was defaulted, and judgment and execution could have been obtained when the bill was taken as confessed against him on March 29, 1960. The defendant was not discharged until July 13, 1960. True, the plaintiff did not see fit to request it whether by design or otherwise until some three years later. Such a delay may have been for meritorious reasons, but the inference is inescapable that the reason for such delay was otherwise.

Furthermore, Chapter 231, Section 95 of the Gen. Laws of Mass. as amended provides, "In an action upon a judgment obtained by default and without the knowledge of the defendant, brought within six years after the rendition thereof, the court may, in its discretion and upon terms, allow the defendant to show in defense any payment, satisfaction or extinguishment of the claim, prior to the obtaining of such judgment, or any matter of fraud, which in either case he might have shown upon a writ of review in the original suit".

On the record, it appears the defendant had no knowledge this judgment was outstanding against him as of the date of discharge, and the

court in its discretion under this statute had a right to allow the defendant to plead the discharge in bankruptcy, since this is a matter that the defendant might have shown on a writ of review in the original suit. *Mowry* v. *Chase,* 100 Mass. 79.

The defendant listed the plaintiff as a creditor in the bankruptcy proceeding, and he was duly notified of the fact that the bankruptcy petition had been filed. He did not object to the discharge. Now four years later on a judgment obtained by default, he seeks to hold the defendant liable on a claim which was listed, and which to all intents and purposes was proved and discharged in the bankruptcy proceeding.

If the plaintiff is allowed to prevail here, simply because the defendant did not plead the discharge in the first instance—wherein he was defaulted, this would render the bankruptcy act in this respect a nullity—at least for all practical purposes.

We do not think this is the law today.

We fail to see that the allowance of the plaintiff's requests numbered 1 and 4, and the denial of requests numbered 2, 3 and 5 presents any inconsistancy. The language used, particularly, in numbers 3 and 4 may be subject to a different interpretation, but they are not inconsistant. In any event, we perceive no harmful error in the denial of this motion.

The judge was right in finding for the de-

fendant, and his action on the request for rulings correct.

There was no prejudicial error, and an order should be entered **dismissing the report.**

SUMNER BAUMAN
of Canton for the Plaintiff

GOLDSTEIN & GOLDSTEIN
of Roxbury for the Defendant