*Western District*

## HYMAN BRASEL

v.

## ARNOLD F. CORBEIL

Argued: June 26, 1969 Decided: July 14, 1969

*Present*: Garvey, P.J., Allen, Sloan, JJ.

Tried to: *Walsh, J.* in the District Court of Springfield #180126

*Garvey, P.J.* In this property damage motor tort action involving a collision of motor vehicles on a public way in Holyoke there was a finding for the plaintiff and damages assessed. The only issue argued by the defendant is his claim of error, based on the discharge in bankruptcy of the plaintiff's claim which he pleaded in his answer and proved at the trial. We think there was error.

The report states there was evidence tending to show:

> This accident happened on June 17, 1964 and this action was commenced October 31, 1964. On April 3, 1967 the defendant filed

a petition in bankruptcy in which the plaintiff was listed as an usecured creditor and on June 29, 1967, the defendant received his discharge.

On this aspect of the case the judge specifically found:

The defendant in this case filed bankruptcy in which the cause of action herein was listed among the disputed claims outstanding against him and prior to this trial was adjudicated a bankrupt and received a discharge.

I find that although a property damage tort claim may be dischargeable in bankruptcy but if the defendant is liable therefor that the plaintiff is entitled to a determination of that fact in order that he may pursue other remedies available to him under Section 22A of. Chapter 90 of the General Laws of the Commonwealth.

G.L. c. 90, § 22A, to which the judge referred, provides in part, that the registrar of motor vehicles on satisfactory evidence shall suspend the license of any operator of a motor vehicle who fails "for sixty days after the rendition thereof, to satisfy in full a judgment" for damage to property secured against him "arising out of the use, opartion or maintenance on the way of the Commonwealth of a motor vehicle ....until he is satisfied as aforesaid that said judgment has been full discharged or that the judgment creditor has released or discharged

the debt". Many other states have enacted similar so-called "Motorists Financial Responsibilty Laws".

No Massachusetts case on this issue has been cited or found. In support of the judge's finding and ruling the plaintiff relies on two Supreme Court decisions, *Reitz* v. *Mealy*, 314 U.S. 33 (New York) and *Kesler* v. *Department of Public Safety*, 369 U.S. 153 (Utah). Both states' motorists financial responsibility statutes contained express provisions that bankruptcy would not operate to discharge such a judgment. G.L. c. 90, § 22A has no such provision. The court ruled that the petitioners, both of whom received discharges in bankruptcy subsequent to the judgments were not entitled to the restoration of their right to operate a motor vehicle and the statutes did not violate the purpose of the bankruptcy act or the Constitution. States with similar clauses relating to bankruptcy in their statutes have followed the rule of these Supreme Court cases. *DeVries* v. *Alger*, 329 Mich. 68. *Smith* v. *Hayes*, 60 Ohio Ops. 112, 133 NE2d 443. But in all of these cases, except *Smith*, it is to be noted that adjudication in bankruptcy occurred subsequent to the rendition of the judgment. In *Smith*, the bankruptcy preceded the judgment by two days but was not pleaded in defense and a motion to vacate the judgment on this ground was denied.

In Maryland, a state with a responsibility

statute similar to ours — bankruptcy not excepted — it was held in *Ellis* v. *Rudy,* 171 Md. 280 that a bankruptcy subsequent to the judgment did "satisfy" such a judgment and entitled the petitioner to the restoration of his suspended license. It held *Reitz* v. *Mealy,* 314 U.S. 33 did not apply because of the difference in the wording of the statutes.

Section 17 of the Bankruptcy Act, 11 U.S. Code 35 provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable claims" with exceptions not here material. A discharge in bankruptcy affords a debtor a complete legal defense if he wishes to avail himself of it, which was done here. *Elliott* v. *Warwick Stores, Inc.,* 329 Mass. 406, 408.

We find no statute or decision, and none are cited, holding that a plaintiff is entitled to a judgment on a motor vehicle property damage claim, duly listed and discharged in bankruptcy, and pleaded and proved at the trial, so as to enable him to pursue his remedy under our, or any other state's motorists financial responsibility laws. Obviously if such a judgment was secured the plaintiff would not be limited to pursuing his remedy under G.L. c. 90, § 22A in seeking its satisfaction.

We are of opinion that the judge was in error in granting the defendant's request for a ruling of law reading: "A suggestion of bankruptcy is a defense to an action of tort for automobile property damage claim where no per-

sonal injury is sued on'' and then finding for the plaintiff. This request while not strictly accurate was sufficient in form to direct the judge's attention to the substance of a fundamental issue in the case. *M. DeMatteo Constr. Co. v. Com.,* 338 Mass. 568, 587-588.

 In finding for the plaintiff, on these facts, we feel that the judge went beyond the scope of the issues raised by the pleadings and the evidence. G.L. c. 90, § 22A, in our opinion, does not come into play until after the rendition of a valid judgment.

**The finding for the plaintiff is to be vacated and judgment ordered for the defendant.**

NORMAN STEPNO
 of Holyoke for the defendant.

ADOLPH F. STOREY
 of Springfield for the plaintiff.

---

*Sloan, J.* (Dissenting.) I am unable to agree with the majority opinion. The language used by the Supreme Court of the United States in the *Reitz* and *Kesler* cases, is so broad and sweeping, that it makes the States Motorist Financial Responsibility Laws (and there are at least forty-five states which have them) untouched and unaffected by the Federal Bankruptcy Act. Despite the provision of the bankruptcy act that ''A discharge in bankruptcy shall release a bankrupt from all of his provable debts,'' the U.S. Supreme Court held that a plaintiff could still exercise his right to force

a negligent defendant to pay a judgment for property damage. In other words, a negligent defendant was not released from this debt.

The Supreme Court said, "Because the 'police power' of a state, especially when exerted for the protection of life and limb, is as pervasive as any of the reserved powers of the States and should be respected unless there is a clear collision with a national law which has the right of way under the Supremacy Clause of Article VI. The fact that the consequences of ... the Act may in fact have subjected a debtor to the payment of money of which as an obligation in the creditor-debtor relation he was quit did not lead the Court to hold that the State had intruded into the bankruptcy domain or subverted the purpose of the bankruptcy law. The Utah Safety Responsibility Act leaves the bankrupt to same extent burdened by the discharged debt. Certainly some inroad is made on the consequences of bankruptcy if the creditor can exert pressure to recoup a discharged debt, or part of it, through the leverage of the States licensing and registration power. But the exercise of this power is deemed vital to the States well being, and from the point of view of its interests is wholly unrelated to the considerations which propelled Congress to enact a national bankruptcy law."

It seems to me that it makes no difference whether the adjudication in bankruptcy comes before or after the injured plaintiff's judgment

for damages. In fact the Ohio courts have held just that. In the case of *Smith* v. *Hayes,* 60 Ohio Ops. 112, 133 NE2d 443 (1955) a suit for damages was filed against the petitioner on May 21, 1953, and on June 16, 1955 a judgment was entered against him for $440. However on June 14, 1955 he was adjudicated a bankrupt listing the claim as one of his debts. The petitioner moved to have the judgment set aside. The Ohio Motorist Financial Responsibility Statute provided that a discharge in bankruptcy does not relieve the debtor from the provisions of that Statute. The Court denied the motion and held that the policy of the state requires that a discharge in bankruptcy does not relieve the debtor from provisions of the Motorist Financial Responsibilty Code relative to the suspension of the privilege to operate a motor vehicle upon the state highways.

To hold that the obtaining of a judgment must come before the bankruptcy, is to give an unwarranted award to the fleet footed negligent defendant who runs to and reaches the bankrutpcy court before he is brought to justice in the state court.

If as the Supreme Court has said the States Motorists Financial Responsibility Laws are paramount to the bankruptcy act, then the latter should not at any time, in any forum, be allowed to act as road block to an injured plaintiff who has his mind invoking his states Motorist Financial Responsibility laws.

For the foregoing reasons, I believe the action of the trial justice was correct.