*Northern District*
No. 8108
## BERNARD J. READY
### v.
## JOSEPH H. CUMMINGS

Argued: Nov. 29, 1973 - Decided: Feb. 26, 1974

See: Dangel's Defences To Law Actions, §24.

*Present:* Cowdrey, P.J., Bacigalupo, Flynn, JJ.

Case tried to *Williams, J.* in the District Court of Lowell, No. 1635/70.

**Bacigalupo, J.** In this action in tort, the plaintiff seeks to recover for damage to his motor vehicle allegedly sustained as a result of the negligent operation of a motor vehicle by the defendant on November 22, 1968.

The defendant answered by way of a general denial and thereafter on June 2, 1971 filed a motion to amend his answer by adding, "that the claim of Bernard J. Ready for damages as a result of an automobile accident on or about the twenty-second day of November, 1968 was listed by the defendant as a liability in his petition in bankruptcy and that the defendant was thereafter declared a bankrupt and that he has received his discharge in bankruptcy and therefore the plaintiff cannot recover in this action."

The motion was allowed.

The trial court found for the plaintiff in the amount of $678.15.

The defendant seasonably filed four requests for rulings, two of which were denied by the court, and to the denial of which and of the

finding for the plaintiff, the defendant claims to be aggrieved.

The thrust of the requests which were denied, taken together, is as follows:

If before a judgment is entered in a civil action based on the negligence of the defendant, the defendant files a petition in bankruptcy, properly schedules the pending civil action, is adjudicated a bankrupt, obtains his discharge in bankruptcy and seasonably pleads and proves his discharge in bankruptcy as a bar to the plaintiff's action, the plaintiff cannot have judment against him.

The relevant facts as set forth in the report and the docket entries follow.

The accident occurred on November 22, 1968. The writ is dated May 12, 1970 and was entered on June 8, 1970. Subsequent to the entry of the writ the defendant filed a petition in bankruptcy which was dated July 22, 1970 and scheduled therein the action of the plaintiff against the defendant. "Viz: (#4) Bernard J. Ready v. Joseph H. Cummings, Action of Tort Pending 1970 District Court of Lowell." The defendant's petition in bankruptcy was filed in the appropriate court on August 7, 1970. The defendant was duly declared bankrupt and received his discharge in bankruptcy on November 17, 1970.

The defendant's motion to amend his answer was filed on June 2, 1971.

The date of the court's finding for the plaintiff is April 11, 1972.

§63 of the *Bankruptcy Act* (11 U.S.C. §103) entitled, "Debts Which May Be Proved" includes as Item 7 of said section the following:

> "the right to recover damages in any action of negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy."

The reported evidence and the docket entries establish that the plaintiff's action was for negligence, that it was instituted prior to, and was pending at, the time of the filing of the petition in bankruptcy. The defendant duly brought to the court's attention a copy of the relevant part of the petition in bankruptcy and the discharge in bankruptcy.

It follows that the plaintiff's action falls within the provisions of Item 7 of §63 of the *Bankruptcy Act,* and was clearly a provable debt. See: *Brasel* v. *Corbeil,* 41 Mass. App. Dec. 70.

There is ample authority to the effect that a discharge in bankruptcy affords to the bankrupt a complete legal defense to an action on a debt which may be proved in bankruptcy, but to avail himself of it as a defense it must be pleaded in avoidance by the defendant. *Carmel Credit Union* v. *Lesser,* 344 Mass. 623. *Elliott* v. *Warwick Stores, Inc.,* 329 Mass. 406. See also *Sales Finance Corp.* v. *Dimock,* 340 Mass. 310, 313. *Canton Lumber & Supplies, Inc.* v. *Mac Nevin,* 37 Mass. App. Dec. 217, 221.

§17 of the *Bankruptcy Act* (11 U.S.C. §35) is entitled "Debts Not Affected By A Discharge" and provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts whether allowed in full or part except . . . . . . . .", and then follows a number of exceptions not relevant to the issue before us.

In *Brasel* v. *Corbeil,* 41 Mass. App. Dec. 70, the court in dealing with an action for property damage in which the defendant pleaded his discharge in bankruptcy, took into consideration and discussed the right of the plaintiff under G.L. c. 90, § 22A under the provisions of which the registrar of motor vehicles may suspend the license of the operator of a motor vehicle who fails to satisfy a judgment for damage to property arising out of the use, operation or maintenance of a motor vehicle on the ways of the Commonwealth. The plaintiff in that case (Brasel) contended that he was entitled to a judgment notwithstanding the discharge in bankruptcy so that he might avail himself of his right under said § 22A. The court in a divided opinion rejected this contention.

The report and docket entries in the case before us establish that the defendant proved the scheduling of the plaintiffs action in the defendant's bankruptcy petition, his discharge in bankruptcy, and that he seasonably pleaded his discharge in bankruptcy.

The court erred in finding for the plaintiff. It is ordered that the finding for the plaintiff be vacated and that judgment be entered for the defendant.

SIDNEY L. RINDLER of Lowell
    for Plaintiff
    presented no brief or argument
MAX GOLDMAN of Lowell
    for Defendant