**Lonnie J. SAVAGE, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

v.

**Stephen HATCHER; Stephen J. Hatcher Co.; Express Payroll Advance, Defendants–Appellees.**

No. 03–3437.

United States Court of Appeals, Sixth Circuit.

Sept. 7, 2004.

Gary M. Smith, Zanesville, OH, for Plaintiff–Appellant.

Jeffrey C. Turner, Boyd W. Gentry, Surdyk, Dowd & Turner, Dayton, OH, Bridgette C. Roman, Schottenstein, Zox & Dunn, Columbus, OH, for Defendants–Appellees.

Before: KRUPANSKY, RYAN, and COLE, Circuit Judges.

RYAN, Circuit Judge.

This is a suit brought under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–92(*o*), and Ohio law. The plaintiff, Lonnie J. Savage, alleges that two collection letters sent to him by the Hatcher Defendants on behalf of their client, Express Payroll Advance, violated Sections 1692e-g and 1692j of the FDCPA. He also alleges that the defendants violated the Ohio Consumer Sales Practices Act, Ohio Rev.Code § 1345.01. The district court granted the defendants' motion for judgment on the pleadings with respect to Savage's FDCPA claims, and it declined to exercise supplemental jurisdiction over Savage's state law claim. Savage now appeals from the court's grant of the defendants' motion for judgment on the pleadings; he also appeals from the lower court's order denying his motion to reconsider or to alter or amend. For the reasons set forth below, the judgment of the district court must be reversed in part and affirmed in part.

### I.

When ruling on a motion for judgment on the pleadings, federal courts look only to the facts contained in the pleadings. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir.1997). As the parties and their counsel are thoroughly familiar with the case, including the facts alleged in the pleadings, it is unnecessary to fully recount those allegations in this unpublished opinion; a brief overview will suffice.

Savage alleges that he entered into a loan agreement with Express Payroll Advance in June 2000, and that "[u]nder that agreement, Express solicited and accepted a personal, postdated check from plaintiff in the amount of $517.50, at a time when Express knew plaintiff and the account upon which that check was drawn lacked sufficient funds for its payment." The plaintiff claims that, "[d]ue to personal financial problems, [he] was unable to pay off the loan from Express or to redeem the check held by it for security." When Express presented Savage's check for payment, it was returned for insufficient funds.

Express turned Savage's account over to the Hatcher Defendants for collection, and the Hatcher Defendants sent two letters to Savage in their attempt to collect on the debt. Savage alleges that these "collection activities ... violated the prohibitions and requirements of the F.D.C.P.A. including but not limited to § 1692e, 1692f, 1692g, and a violation of 1692j." Each of these sections, e, f, g, and j, is lengthy and need not be reproduced here. It suffices to say that e deals with "false or misleading representations," f, with "unfair practices," g, with "validation of debts," and j, with "furnishing certain deceptive forms."

### II.

Savage contends that the district court committed "clear legal error" in granting the defendants' motion for judgment on the pleadings. He asks this court to reverse.

### A.

We review a district court's decision to grant a defendant's motion for judgment

on the pleadings under Federal Rule of Civil Procedure 12(c) under the same standard we use to review a motion to dismiss under Federal Rule of Civil Procedure 12(b). *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir.2003). That is, our review is *de novo. Id.*

## B.

In reviewing this case, "we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir.2001). We must also consider whether the plaintiff has complied with the pleading requirements set forth in Federal Rule of Civil Procedure 8. *See E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001). Rule 8 provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While this pleading standard is quite liberal, a plaintiff must " 'allege a factual predicate concrete enough to warrant further proceedings.' " *Found., for Interior Design Educ. Research v. Savannah Coll. of Art & Design*, 244 F.3d 521, 530 (6th Cir.2001) (citation omitted). In other words, the "complaint ... must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir.1998) (internal quotation marks and citation omitted). With these principles in mind, we turn to Savage's complaint.

## 1.

■ With respect to Savage's allegation that the two letters sent by the defendants violated Section 1692e of the FDCPA—"false or misleading representations"—we have carefully reviewed the pleadings and the law, and we are satisfied that, with two exceptions, the district court's grant of the defendants' motion for judgment on the pleadings must be affirmed. As to the first exception, Savage may be able to prove that the amount of the debt represented in the letters was incorrect. *See* 15 U.S.C. § 1692e(2)(A). Specifically, it is unclear whether the $25 "Administrative Charge(s)" was/were authorized by the loan agreement or state law. *See* Ohio Rev.Code § 1315.40(B). The district court's conclusions with respect to the other portions of Section 1692e(2)(A), however, are affirmed. The court correctly concluded that the letters falsely represented neither the character nor the legal status of the debt. As to the second exception, Savage may be able to show that the absence of a disclosure in the second letter, stating that the communication was from a debt collector, was a violation of Section 1692e(11). *See* 15 U.S.C. § 1692e(11). Accordingly, we conclude that judgment on the pleadings with respect to the entirety of Savage's claim made pursuant to Section 1692e was error.

## 2.

■ With regard to Savage's allegation that the two letters sent by the defendants violated Section 1692f—"unfair practices"—it is not "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Section 1692f provides that: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. If Savage can establish that the defendants attempted to collect an amount greater than that authorized by the loan agreement or state

law, he may be able to establish that the defendants used unfair or unconscionable means to attempt to collect his debt. *See, e.g., Transamerica Fin. Servs., Inc. v. Sykes,* 171 F.3d 553, 555 (7th Cir.1999). Accordingly, we conclude that judgment on the pleadings was inappropriate with respect to this portion of Savage's complaint.

### 3.

■ With respect to Savage's allegation that the two letters sent by the defendants violated Section 1692*g*—"validation of debts"—we have carefully considered the pleadings, the statute, and the relevant case law, and we are satisfied that the district court properly granted the defendants' motion for judgment on the pleadings. Section 1692g(a) requires debt collectors to provide certain notification to consumer debtors. 15 U.S.C. § 1692g(a). In determining whether a debt collector has complied with the requirements of Section 1692g(a), we apply an objective test based on the understanding of the "least sophisticated debtor." *Smith v. Computer Credit, Inc.,* 167 F.3d 1052, 1054 (6th Cir.1999). To satisfy the requirements of Section 1692g(a), a debt collector's notice "must 'effectively convey' the notice to the debtor." *Id.* (citation omitted). It is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor. *See, e.g., id.; Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1029 (6th Cir.1992). We have carefully reviewed the notice provided to Savage, and we are satisfied that the defendants met their burden under Section 1692g(a).

Section 1692g(b) provides that if a debtor requests verification, the debt collector must "cease collection of the debt ... until the debt collector obtains verification of the debt ... and a copy of such verification ... is mailed to the consumer by the debt collector." 15 U.S.C. 1692g(b).

There can be no violation of § 1692g(b) where a debt collector has "ceased collection activities." *Transworld Sys.,* 953 F.2d at 1031–32. Savage's complaint failed to allege, either directly or inferentially, that collection activities continued after he requested verification of the debt and received the allegedly defective verification letter. As Savage failed to plead a material element of a violation of § 1692g(b), the district court properly dismissed this portion of his complaint. *See Lewis,* 135 F.3d at 406.

### 4.

Finally, Savage has made absolutely no showing that he is entitled to relief under Section 1692j—"furnishing certain deceptive forms." *See* 15 U.S.C. § 1692j. The facts pleaded in Savage's complaint provide no basis for relief under that section, and the district court properly granted the defendants' motion with respect to this portion of the complaint.

### III.

Savage also argues that the district court "committed reversible error in failing to reconsider, or alter or amend its judgment, especially given the more fully developed record then available."

### A.

"[W]e review an order denying a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion, unless such motion seeks review of a legal conclusion." *Morse v. McWhorter,* 290 F.3d 795, 799 (6th Cir.2002). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted).

## B.

Insofar as Savage claims that his Rule 59(e) motion was improperly denied based on erroneous legal conclusions, his arguments are either without merit or moot. With respect to those issues discussed above on which the district court improperly granted the defendants' motion for judgment on the pleadings, Savage's point is moot. The case must be remanded with respect to those issues, so it is unnecessary to consider whether the court erred in denying his motion. With respect to the other issues, *de novo* review has demonstrated that the district court properly granted the defendants' motion for judgment on the pleadings. Therefore, it follows that the court did not err in denying Savage's motion which argued the contrary. Finally, aside from the district court's legal conclusions discussed above, Savage has identified nothing in the record that would indicate that the district court otherwise abused its discretion in declining to reopen its judgment.

## IV.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part. The case is **REMANDED** to the district court for proceedings consistent with this opinion.