**Esther BUCHANAN, Plaintiff,**

v.

**NORTHLAND GROUP, INC., Defendant.**

**Case No. 1:12–cv–1011.**

United States District Court, W.D. Michigan, Southern Division.

Signed Nov. 7, 2013.

---

Thomas Everett Soule, Daniel A. Edelman, Edelman Combs Latturner & Goodwin LLC, Chicago, IL, for Plaintiff.

David M. Schultz, Jennifer W. Weller, Hinshaw & Culbertson LLP, Chicago, IL, for Defendant.

## OPINION AND ORDER

JANET T. NEFF, District Judge.

Plaintiff filed this case against Defendant, alleging that Defendant sent her a debt collection letter that violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Defendant moves to dismiss Plaintiff's complaint under FED. R.CIV.P. 12(b)(6) for failure to state a claim (Dkt. 19). Plaintiff filed a response in opposition to Defendant's motion (Dkt. 21), and Defendant filed a reply (Dkt. 22). Both parties have also since provided this Court with additional authorities to consider (Dkts. 30, 34–36). Having conducted a Pre–Motion Conference in this matter and having fully considered the parties' written briefs and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court determines that Defendant's Motion to Dismiss is properly granted.

## I. BACKGROUND

Plaintiff filed this suit against Defendant on September 21, 2012, alleging that Defendant's October 12, 2011 debt collection letter to her constituted an "unfair and false act[ ] and practice[ ]" in violation of various provisions of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, because Defendant failed to disclose that her debt was "time-barred" (Dkt. 1, Compl. ¶ 20). Plaintiff alleges that "[t]he nondisclosure is exacerbated by the offer of a 'settlement'." in the letter, which "implies a colorable obligation to pay" (*id.* ¶ 21). The settlement language is as follows:

> The current creditor is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $1,668.96, your account will be satisfied and closed and a settlement letter will be issued. This offer does not affect your rights set forth below. LVNV Funding LLC has purchased the above referenced account from the above referenced Previous Creditor. LVNV Funding LLC has placed your account with this agency for collection.

(Dkt. 1–1, Compl. Ex. A).[1] Plaintiff indicates in her Complaint that she seeks to bring her FDCPA claim on behalf of herself and a class of similarly situated persons (*id.* ¶¶ 24–30).

This Court held a Pre–Motion Conference in December 2012 on Plaintiff's request to move for class certification in this matter and Defendant's request to file a motion to dismiss (Dkts. 7–8). The parties agreed to first brief Defendant's proposed dispositive motion before turning to the class certification question, and the Court issued a briefing schedule only as to Defendant's proposed dispositive motion

---

1. The letter was attached as Exhibit A to Plaintiff's Complaint and is therefore deemed to be a part of the pleadings for purposes of deciding the motion to dismiss. *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001).

(Dkt. 12).[2] The parties filed their motion papers in March 2013 (Dkts. 19–22) and have also since filed additional authorities for this Court's consideration (Dkts. 30, 34–36).

## II. ANALYSIS

### A. Motion Standard

Defendant filed its Motion to Dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim. A complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In deciding a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.2008). However, "a court is not required to accept as true unwarranted legal conclusions and/or factual allegations." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir.2006) (quoting *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 300 (6th Cir.2006)).

### B. Discussion

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The statute is very broad, and was intended to remedy "what it considered to be a widespread problem." *Harvey*, 453 F.3d at 329 (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)). The FDCPA's private-enforcement provision, § 1692k, authorizes "any aggrieved person" to recover damages from "any debt collector who fails to comply with any provision" of the FDCPA. *Marx v. Gen. Revenue Corp.*, —— U.S. ——, 133 S.Ct. 1166, 1171, 185 L.Ed.2d 242 (2013) (quoting 15 U.S.C. § 1692k(a)); *see also Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 649 (6th Cir.1994).

■ Here, Plaintiff alleges that Defendant's failure to disclose in the debt collection letter "that the debt was time-barred" constitutes a violation of the FDCPA (Dkt. 21 at 17–19). "When interpreting the FDCPA, we begin with the language of the statute itself." *Harvey*, 453 F.3d at 329 (quoting *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir.1999)). The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Without limiting the general applicability of that prohibition, the statute provides a list of sixteen specific violations, including the three subsections highlighted by Plaintiff in her Complaint (Compl. ¶¶ 20, 22), which prohibit:

(2) The false representation of—

---

**2.** *See* FED.R.CIV.P. 23(c)(1) (requiring only that courts decide motions for class certification "at an early practicable time"); 7AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1785.3 (3d ed. 2013) ("The time at which the court finds it appropriate to make its class-action determination may vary with the circumstances of the particular case.").

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

\* \* \*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

\* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(15 U.S.C. § 1692e.)

The FDCPA also provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This statute likewise provides a list of specific violations, although Plaintiff does not specify any of the eight prohibited unfair practices in her Complaint, presumably relying instead on the general prohibition against unfair practices (Compl. ¶¶ 20, 23).

 When assessing whether particular conduct violates the FDCPA, courts use the "least-sophisticated-consumer" standard, an objective standard. *Harvey*, 453 F.3d at 329, 331. This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir.2008) (quotation marks and citations omitted). The standard "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 438–39 (quotation marks and citations omitted). In the Sixth Circuit, "[i]t is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor." *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 508 n. 2 (6th Cir.2007) (quoting *Savage v. Hatcher*, 109 Fed.Appx. 759, 762 (6th Cir.2004)).

In response to Plaintiff's allegation that Defendant violated the FDCPA in failing to disclose the "time-barred" nature of the debt, Defendant points out that the FDCPA does not specifically require a debt collector to disclose the applicable limitations period (Dkt. 20 at 12–13). Defendant's point is well taken. A debt collector must send a consumer a written notice that contains the following contents:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (Notice of debt; contents). The statute does not require a debt collector to make or include a legal opinion on the expiration of the limitations period for filing suit, or even to identify the applicable limitations period at all.

■ Indeed, the debt is "time-barred" only to the extent that judicial enforcement to collect on the debt is purportedly precluded. A debt is not extinguished merely because the limitations period expires. "[T]he moral obligation to pay a just debt remains," even where the power to enforce payment is stayed by operation of law. *De Vries v. Alger*, 329 Mich. 68, 44 N.W.2d 872, 876 (1950). In Michigan, the statute of limitations is a procedural defense that does not alter the creditor's substantive rights. *See Lothian v. Detroit*, 414 Mich. 160, 324 N.W.2d 9, 13 (1982) (citing *Forest v. Parmalee*, 402 Mich. 348, 262 N.W.2d 653, 657 (1978)). Therefore, a creditor may attempt to collect a debt outside of court, even though a statute of limitations defense would defeat any claim that the creditor might try to bring in court.

Plaintiff proffers several policy-based reasons for a debt collector to nonetheless disclose "that the debt was time-barred" (Dkt. 21 at 7–15), but the authorities upon which it relies for these arguments, Federal Trade Commission documents in an unrelated case and two reports for reforming the debt collection system, do not call on courts to read the FDCPA one way or another, but only highlight a variety of concerns with potential reforms. *See generally Rice v. Midland Credit Mgmt., Inc.*, 933 F.Supp.2d 1040, 1048 (N.D.Ill.2013) (ultimately concluding that these authorities are "too general and equivocal to convince the Court that it should conclude that Plaintiff has stated a claim in this case").

■ Hence, the Court is likewise unpersuaded by Plaintiff's urging for this Court to follow the reasoning of the magistrate judge in *McRill v. Nationwide Credit, Inc.*, No. 12–2175, 2012 WL 6727974, at *6 (C.D.Ill. Dec. 6, 2012), Report and Recommendation, adopted 12–CV–2175, 2012 WL 6727722 (C.D.Ill. Dec. 28, 2012), who concluded that the FTC's position in these documents "makes sense" (Dkt. 21 at 20–22). *McRill* is not binding on this Court. Moreover, as Defendant accurately points out, the magistrate judge in *McRill* acknowledged that his opinion was a departure, that "most courts to consider FDCPA claims similar to Plaintiff's have concluded that, because, one, state law permits a debt collector to request payment even after the statute of limitations has run, and, two, the FDCPA does not explicitly require a debt collector to disclose that a debt is time-barred, a debt collector does not violate the FDCPA unless it actually sues on a time-barred debt." *McRill*, 2012 WL 6727974, at *4 (citing cases). The Court agrees with Defendant that the passage of the limitations period does not affect the validity of the debt, and Defendant's failure to mention the limitations period in the October 12, 2011 letter attempting to collect on the debt does not constitute a "false representation," 15 U.S.C. § 1692e(10), or unfair practice, 15 U.S.C. § 1692f, nor does the omission in the letter falsely represent the "legal status of the debt," 15 U.S.C. § 1692e(2)(A).

The plausibility of Plaintiff's claim under the FDCPA hinges, if at all, on her additional allegation that the debt collection letter "implies that a legally enforceable obligation existed" (Dkt. 21 at 20). *See, e.g., Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d Cir.2011) (holding that "the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector

does not initiate or threaten legal action in connection with its debt collection efforts"); *Freyermuth v. Credit Bureau Servs., Inc.,* 248 F.3d 767, 771 (8th Cir. 2001) (holding that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid"). Plaintiff alleges that "[t]he nondisclosure is exacerbated by the offer of a 'settlement' " in the letter, which "implies a colorable obligation to pay" (Dkt. 1, Compl. ¶ 21). Plaintiff argues that inclusion of the settlement language is a "false and unfair tactic" (Dkt. 21 at 20).

■ The Court disagrees. The debt collection letter sent to Plaintiff indicates that "upon receipt and clearance of $1,668.96, your account will be satisfied and closed and a settlement letter will be issued." Even the least sophisticated consumer would not infer a threat of litigation from this language but would understand that the letter proposed settlement of the debt, not settlement of a future or ongoing lawsuit.[3] The October 12, 2011 settlement language does not constitute an impermissible "threat to take any action that cannot legally be taken," 15 U.S.C. § 1692e(5), nor does its inclusion constitute a false representation, 15 U.S.C. § 1692e(10), or an unfair practice, 15 U.S.C. § 1692f, under the FDCPA. "To hold that a debt collector cannot offer payment options as part of an effort to resolve an outstanding debt, possibly without litigation, would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt—something that is clearly at odds with the language and purpose of the

FDCPA." *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 399 (6th Cir.1998); *see also Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769, 775 (7th Cir.2007) ("There is nothing improper about making a settlement offer."); *Stricklin v. First Nat. Collection Bureau, Inc.,* 3:10–CV–01027–JPG, 2012 WL 1076679, at *11 (S.D.Ill. Mar. 30, 2012) ("On its face, the term 'settlement offer' does not violate the FDCPA."). Indeed, "[a]llowing debt collectors to send such a letter is not only consistent with the Act but also may result in resolution of the debt without resorting to litigation, saving all parties involved the needless cost and delay of litigation as is exemplified by this very case." *Lewis,* 135 F.3d at 399.

In sum, even if all the facts in her Complaint were accepted as true, Plaintiff's Complaint fails to state a plausible claim under the FDCPA.

## III. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss. As the Court's decision resolves all pending claims, a Judgment will be entered consistent with this Opinion and Order. *See* FED.R.CIV.P. 58. Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt. 19) is GRANTED.

---

**3.** Indeed, even in the Report and Recommendation upon which Plaintiff relies for her policy-based arguments, the magistrate judge rejected the plaintiff's similar contention that the defendant's offer of settlement in that case

"exacerbated" the defendant's nondisclosure, determining that there is "nothing inherently misleading or deceptive" about the letter's offer of settlement. *McRill,* 2012 WL 6727974, at *6, n. 9.